## Richmond

### JAMES LOUIS SMITH, JR. v. COMMONWEALTH OF VIRGINIA

April 21, 1978.

Record No. 771063.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*Martin B. Willis (Willis & Willis,* on brief) for plaintiff in error.

*Jerry P. Slonaker, Assistant Attorney General (Anthony F. Troy, Attorney General,* on brief) for defendant in error.

Per Curiam.

James Louis Smith, Jr., was tried by the court, sitting without a jury, on a warrant charging him with violation of Code § 46.1-176, the "Hit and Run" statute, on January 29, 1977. The trial court found Smith guilty and fixed his punishment at revocation of his driver's license for 30 days, and confinement in jail for 30 days, suspended on condition that he be of good behavior, make restitution for the property damage, and pay the court costs. On appeal, the sole question is the sufficiency of the evidence, which comprised the testimony of two witnesses for the Commonwealth.

The investigating officer, W. E. Burroughs, of the Roanoke Police Department, testified that he arrived at the Hamlar-Curtis Funeral Home, in the 1000 block of Moorman Road, N. W., in the City of Roanoke, in response to an accident report. He found that one of the garage bay doors on the east side of the funeral home had been damaged by a motor vehicle. There was no one present at the scene and Burroughs saw no message[1] at the garage doors or at a side access door. He found Smith and Smith's vehicle in the back yard of the Smith residence a block and a half from the funeral home. Smith, who was intoxicated, "indicated" that he had "run into something but he didn't know what." In answer to the officer's inquiry Smith said that "he had tried to contact somebody," but Burroughs "could not understand what he was trying to piece together."

John Henry Mack, who lived across the street from the funeral home, testified that he saw Smith drive his automobile into the garage door at approximately 8:30 a.m. Smith staggered from his car, went around to the front of the building, returned in

---

[1] Code § 46.1-176 provides in pertinent part:

"(c) The driver of any vehicle involved in an accident in which no person is killed or injured but in which an unattended vehicle or other unattended property is damaged shall make a reasonable effort to find the owner or custodian of such property and shall report to the owner or custodian the information which the driver must report pursuant to paragraph (a) . . . . If the owner or custodian . . . cannot be found, the driver shall leave a note in a conspicuous place at the scene of the accident and shall report the accident in writing within twenty-four hours . . . to the chief of police of such city or town."

approximately five minutes, and drove away. The witness did not see anyone at the funeral home at the time. From his house Mack could not see the front of the building, but he could see the other three sides.

At the conclusion of this evidence for the Commonwealth, Smith moved to strike the evidence on the ground that it failed to prove that Smith had not made a reasonable effort to find the owner of the property, or that he had not left a note at the front of the building. The trial court, in overruling the motion, stated that the burden of going forward with evidence had shifted to Smith, since there was no evidence that he made any effort to give notice to anyone. No evidence was introduced on behalf of Smith, and he was convicted on the Commonwealth's evidence.

The Commonwealth had the burden of proving that Smith failed to comply with each requirement of the statute. *See Banks* v. *Commonwealth*, 217 Va. 527, 532, 230 S.E.2d 256, 260 (1976). Thus, the Commonwealth had to prove, among other things, that Smith did not make a reasonable effort to find the owner or custodian of the funeral home, and that he did not report to such person the specified information, or, if the owner or custodian could not be found, that Smith did not leave an informative note in a conspicuous place at the scene of the accident. No evidence, however, was introduced to prove these negatives. Indeed, no one from the funeral home testified. There was evidence that Smith left no note at or near the damaged door or at a side access door. But there is no evidence that Smith, when he walked around the building toward the front entrance, failed to find the owner or custodian or failed, in their absence, to leave a note at or near the front door.

It is not clear from the testimony of Mack whether a custodian was at the funeral home when the accident occurred. It may perhaps be inferred from the answer given by Smith to the investigating officer that Smith attempted without success to find some employee on the property. Nevertheless, Smith was required not only to make a reasonable effort to find the owner or a custodian, but, if he failed in that effort, he was then required to leave a note. Although the Commonwealth's evidence is sufficient to show a probability of guilt, it is insufficient to show beyond a reasonable doubt that Smith violated this statutory mandate.

The Commonwealth's evidence must exclude every reasonable hypothesis of innocence, and until that is done, the accused is not required to explain or offer evidence of his innocence. *Clemmer* v. *Commonwealth*, 208 Va. 661, 666, 159 S.E.2d 664, 667 (1968).

The judgment of the conviction will be reversed and the warrant will be dismissed.

*Reversed and dismissed.*