## Richmond

JOHN ROBERT HALL

v.

COMMONWEALTH OF VIRGINIA

No. 0292-85

Decided August 5, 1986

672

COUNSEL

Benjamin H. Woodbridge, Jr. (Woodbridge, VanLear, Reamy & Frackelton, on brief), for appellant.

Russell C. Williams, Assistant Attorney General, (William G. Broaddus, Attorney General, on brief), for appellee.

OPINION

**COLE, J.**—On October 5, 1984, the appellant, John Robert Hall, was tried by the court, sitting without a jury, on the charge of leaving the scene of an accident resulting in property damage. He was found guilty, and this is an appeal of that decision.

The issues presented are: (1) whether the evidence was sufficient, as a matter of law, to prove beyond a reasonable doubt that Hall was the operator of the motor vehicle involved in the accident; and (2) whether the Commonwealth proved that Hall did not comply with the reporting requirements of Code § 46.1-176(c). We find no error in the trial court's determination of these issues, and affirm the conviction.

On November 15, 1983, at approximately 4:15 a.m., Linda Stanley heard the noise of vehicles colliding outside of her residence at 616 Maury Street in Fredericksburg. From her window she observed an automobile colliding with a parked vehicle. Stanley obtained a flashlight and went outside to investigate, where she observed a gold colored Ford automobile being repeatedly driven into the back of another vehicle, causing it to collide with two other parked cars in front of it. Although Stanley could not identify the driver of the gold Ford, she testified that the driver was a male and was the sole occupant of the car. She stated that when she shined the flashlight in the window of the vehicle, the driver backed up the vehicle and pulled away from the scene. She

obtained the vehicle's license number, which she reported to police officer Thomas Bennett of the Fredericksburg Police Department.

Officer Bennett testified that he arrived at the Stanley residence at approximately 4:30 a.m. and obtained from Stanley a description of the vehicle involved and its license number. He also collected from the scene a number of plastic pieces which appeared to be fragments from the automobile which left the accident scene.

At approximately 5:00 a.m. the same day, Deputy Sheriff Truslow of Stafford County observed a vehicle stopped against a guard rail on State Route 3 in Stafford County headed in a westwardly direction about one mile from the city limits of Fredericksburg. Responding to Deputy Truslow's call, Officer Bennett went to the scene and confirmed that the vehicle found there matched the physical description and bore the same license number as the car reported by Stanley. The plastic pieces of fragments from the automobile grill obtained from the scene of the accident fit exactly into various portions of the vehicle found on the side of the road. In the automobile they found Hall slumped over the driver's wheel. Deputy Truslow confirmed that he never observed this vehicle in motion nor did he observe Hall attempt to operate it.

Hall first contends that there was no direct evidence introduced at trial which identified him as the operator of the automobile involved in the accident, and that the Commonwealth's case rested wholly upon circumstantial evidence which was insufficient as a matter of law since there was no connection made between the driver at the scene of the accident and his occupancy of the vehicle when found on the highway.

We find this argument unpersuasive. Hall admits that the vehicle involved in the Maury Street collision was the same vehicle in which he was later found on Route 3. The only question he raises is the sufficiency of the evidence to prove that he was the driver who was involved in the accident. The evidence shows that he had access to the vehicle before the accident. He lived with the owner of the vehicle, Maude Henley, who testified that a key to the car was kept in a kitchen cabinet, and that only she and Hall resided in the house. On November 19, 1983, five days prior to the accident, Henley reported the car missing.

■ On the night in question, Stanley reported that the male operating the vehicle was the sole occupant of the car. A short time and distance later, Officer Truslow and Bennett found Hall slumped over the steering wheel of the vehicle, which still had its lights on and the ignition turned to the "on" position. The doors of the vehicle were locked when first discovered. There is no evidence to suggest that another person had been present or had driven the automobile. It has been stated that in cases involving circumstantial evidence of this nature that "[w]here all the circumstances of *time, place, motive, means, opportunity and conduct* concur in pointing out the accused as the perpetrator of the crime . . . the evidence is powerfully strengthened by the total absence of any trace or vestige of any other agent." *Lyons* v. *City of Petersburg*, 221 Va. 10, 13, 266 S.E.2d 880, 881 (1980) (emphasis in original).

On the basis of the foregoing and in the absence of any credible evidence to support a contrary result, we find that the evidence is sufficient to support the court's conclusion that Hall was the operator of the vehicle at the time of the accident, and that he left the scene of the accident where he caused property damage.

Appellant next asserts that the Commonwealth was required to prove as an essential element of the offense that he did not comply with the notice provisions of Code § 46.1-176(c).

Code § 46.1-176(c) provides:

The driver of any vehicle involved in an accident in which no person is killed or injured but in which an unattended vehicle or other unattended property is damaged shall make a reasonable effort to find the owner or custodian of such property and shall report to the owner or custodian the information which the driver must report pursuant to paragraph (a) of this section if such owner or custodian is found. If the owner or custodian of such damaged vehicle or property cannot be found, the driver shall leave a note in a conspicuous place at the scene of the accident and shall report the accident in writing within twenty-four hours to the Superintendent or, if the accident occurs in a city or town, to the chief of police of such city or town. Such note and written report shall contain the information which the driver must report

pursuant to paragraph (a) of this section and such written report shall state in addition the date, time and place of the accident and the driver's estimate of the property damage.

Hall reads the provisions of this section as requiring the Commonwealth to prove as elements of the crime: (1) that the offending driver failed to make a reasonable search for the owner of the damaged property to report the accident; *and* (2) that the driver did not leave a note in a conspicuous place at the accident scene; *and* (3) that the driver did not report the accident to the police within twenty-four hours. In support of his position, he cites *Smith* v. *Commonwealth*, 218 Va. 927, 243 S.E.2d 463 (1978), in which a neighbor witnessed Smith drive his car into the garage door of a funeral home. The neighbor testified that Smith staggered from his car and went around to the front of the funeral home, where he was out of the witness's field of vision for approximately five minutes. He then returned to his car and drove away. On the basis of this evidence, the Supreme Court reversed Smith's conviction, finding:

> Thus, the Commonwealth had to prove, among other things, that Smith did not make a reasonable effort to find the owner or custodian of the funeral home, and that he did not report to such person the specified information, *or*, if the owner or custodian could not be found, that Smith did not leave an informative note in a conspicuous place at the scene of the accident. No evidence, however, was introduced to prove these negatives.

*Id.* at 929, 243 S.E.2d at 464 (emphasis added).

■ Our reading of *Smith* convinces us that, contrary to Hall's interpretation, the court construed Code § 46.1-176(c) as requiring the Commonwealth to prove either: (1) that the driver failed to make a reasonable effort to locate and notify the owner or custodian of the damaged property; *or* (2) that after a reasonable search the owner or custodian could not be found and the driver failed to leave a note and notify the police. The two alternatives are separate and distinct. Proof of either is sufficient to support a conviction under the statute, although the second is reached only if the Commonwealth fails to prove the first. We believe this interpretation is consistent with the ruling in *Smith*. Because the Com-

monwealth did not prove the first alternative, *viz.*, that Smith had failed to make a reasonable effort to locate and communicate to the owner or custodian notice of the accident, the court proceeded to the second alternative and found that the Commonwealth, likewise, did not prove that Smith had failed to leave a note. Thus, the evidence was insufficient to show that Smith had not complied with the statutory requirements.

In this case, we need proceed no further than the requirement that Hall make a reasonable effort to search for the owner. The Commonwealth's evidence plainly showed that Hall did not get out of his vehicle at the scene of the accident, and made no effort to search for the owner of the damaged property. To the contrary, Linda Stanley, the owner of one of the vehicles which Hall struck and damaged, testified that she yelled to him to get his attention, but he continued to collide with the cars on the street, and without getting out of his vehicle, drove away. We find this evidence more than sufficient to satisfy the Commonwealth's burden to prove that Hall failed to make a reasonable effort to locate the property owner. Because the evidence amply demonstrates that the appellant violated this statutory mandate, we find no error in the judgment of the trial court.

For all of the preceding reasons, the judgment is hereby affirmed.

*Affirmed.*

Benton, J., and Keenan, J., concurred.