COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Retired Judge Whitehurst[*]
Argued at Norfolk, Virginia


JASE MARCELLUS MONDY, S/K/A
 JACE M. MONDY

v.        Record No. 1642-93-1      MEMORANDUM OPINION[**] BY
                                    JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                 JUNE 20, 1995


           FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                     E. Preston Grissom, Judge

           David W. Bouchard (Bouchard & Smith, on
           brief), for appellant.

           Donald R. Curry, Senior Assistant Attorney
           General (James S. Gilmore, III, Attorney
           General, on brief), for appellee.



     On appeal from his convictions of first degree murder and

use of a firearm in the commission of a murder, Jase Marcellus

Mondy contends that the evidence is insufficient as a matter of

law to support his convictions.

     "When considering the sufficiency of the evidence on appeal

of a criminal conviction, we must view all the evidence in the

light most favorable to the Commonwealth and accord to the

evidence all reasonable inferences fairly deducible therefrom."

Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719,

721 (1988) (citations omitted).  "The jury's verdict will not be

_____

[*]Retired Judge Alfred W. Whitehurst took part in the
consideration of this case by designation pursuant to Code
§ 17-116.01.

[**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

disturbed on appeal unless it is plainly wrong or without evidence to support it."  Id.

Steven Love, the victim, was a known drug dealer and Mondy was his bodyguard.  On September 9, 1991, Love's body was found in an empty house located at 2212 Berkeley Avenue in Chesapeake.  Mondy had spent several nights at that house between July and August of 1991.  Mondy's clothes were found strewn on the floor around Love's body.

Love's death occurred sometime between 8:00 p.m. on September 8th and 11:30 a.m. on September 9th.  He was last seen alive on September 8 at about 7:30 p.m. by Kenneth Brown, his roommate.  He was then going out with Mondy to do a "gun transaction."  He was carrying between $4,000 and $5,000 in cash and one-half ounce of cocaine.  Neither the money nor the cocaine was on Love's body when he was found.

Brown testified that he saw Mondy an hour later, but Love was not with him.  Mondy told Brown that Love was with his girlfriend, Sherrie Cook.  Ms. Cook testified that she last saw Love on September 7.

On September 8, Latyna Williams and Sean Sweat were to drive to North Carolina with Mondy.  They were unable to contact him on his beeper from 8:30 p.m. until midnight.  Ms. Williams testified that when they finally met him, he was carrying the brown leather book bag in which she knew he carried his .380 caliber handgun. Before leaving Chesapeake, the three of them drove to the

neighborhood where Love's body was found the next day. Mondy and Sweat got out of the car and were gone twenty minutes.

The cause of Love's death was a "gunshot wound to the back of the head." The bullet was fired from a .380 caliber handgun. Several witnesses testified that Mondy owned a .380. When Mondy was arrested a month later in North Carolina, he was in possession of the murder weapon.

Mondy contends that the evidence is insufficient to support his convictions. He argues that because the evidence is entirely circumstantial, "to establish guilt beyond a reasonable doubt all the necessary circumstances proved must be consistent with guilt and inconsistent with innocence." Harrell v. Commonwealth, 11 Va. App. 1, 9, 396 S.E.2d 680, 684 (1990). He argues that the evidence does not exclude the possibility that a third party killed Love. However, no evidence supports this hypothesis. "The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hollins v. Commonwealth, 19 Va. App. 223, 229, 450 S.E.2d 397, 400 (1994) (quoting Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993) (citations omitted)).

Mondy was with Love on the night of the murder. Mondy knew that Love was a drug dealer and that he carried large sums of money and drugs. Mondy had stayed previously at the house where Love's body was found. Love was killed with a .380 caliber

handgun, a type owned by Mondy and in his possession on the night of the murder.  Mondy was in possession of the murder weapon when he was arrested.  See Schlimme v. Commonwealth, 16 Va. App. 15, 21, 427 S.E.2d 431, 435 (1993) (sufficient evidence of criminal agency where defendant found in possession of gun five months after offense).

No evidence suggests that another person killed Love.  "It has been stated that in cases involving circumstantial evidence . . . '[w]here all the circumstances of time, place, motive, means, opportunity, and conduct concur in pointing out the accused as the perpetrator of the crime . . . the evidence is powerfully strengthened by the total absence of any trace or vestige of any other agent.'"  Hall v. Commonwealth, 2 Va. App. 671, 674, 347 S.E.2d 193, 194 (1986) (quoting Lyons v. City of Petersburg, 221 Va. 10, 13, 266 S.E.2d 880, 881 (1980)).

We find the evidence sufficient to support Mondy's convictions and affirm the judgments of the trial court.

Affirmed.

- 4 -