STATE OF NORTH CAROLINA v. ELMORE PROCTOR GRAINGER

No. 8511SC278

(Filed 3 December 1985)

1. Narcotics § 3.1— SBI agent's working definition of marijuana—competency of testimony

   An SBI agent was properly permitted to testify as to his working definition of marijuana where there was no indication in the jury instructions that the agent's working definition could serve as a basis for defendant's conviction and the jury was specifically instructed on the definition of marijuana under N.C.G.S. 90-87(16).

2. Narcotics § 4— trafficking in marijuana—sufficient evidence of weight

   The State presented sufficient evidence of the weight of marijuana to support submission of an issue as to defendant's guilt of trafficking by felonious possession of 2,000 pounds or more but less than 10,000 pounds of marijuana where the evidence tended to show that marijuana plants cut from fields on defendant's farm were loaded onto three trucks; one truck was already one-fourth loaded with plastic pipes and marijuana plants cut from a field not on defendant's farm; mature stalks constituted one-fourth of the weight of the marijuana plants; and the weight of marijuana on the two trucks loaded exclusively with marijuana from defendant's farm exceeded 2,000 pounds when one-fourth of the weight is factored out to eliminate the weight of mature stalks. N.C.G.S. 90-95(h)(1)(c).

3. Narcotics § 4.3— constructive possession of marijuana—sufficient evidence

   The jury was not improperly permitted to infer that defendant had constructive possession of marijuana solely because the marijuana was found growing on a farm which defendant controlled where other evidence presented by the State tended to show that defendant distributed marijuana to his farm workers during their lunch breaks; defendant paid a farm worker to put marijuana stalks in sheets of tobacco and tie them up; and another farm worker assisted defendant in planting the marijuana crop and was paid by defendant to harvest the crop and haul it to South Carolina.

APPEAL by defendant from *Martin, John C., Judge.* Judgment entered 10 February 1984 in Superior Court, HARNETT County. Heard in the Court of Appeals 15 October 1985.

On 31 August 1982 local Harnett County authorities were alerted by the SBI that several fields of marijuana had been spotted in southern Harnett County. The local authorities investigated and found that one of the larger fields was located on defendant's farm. Three trucks were dispatched to haul away the marijuana plants that authorities were cutting down. One truck

was already loaded with 1,280 marijuana plants from another field and some plastic pipes. The three trucks were loaded with plants and weighed on scales at a nearby fertilizer distributor. The trucks had a combined weight of thirty-seven thousand three hundred ten (37,310) pounds. The combined weight of the empty trucks was twenty-four thousand nine hundred (24,900) pounds.

On 1 August 1983, a bill of indictment was returned against the defendant for trafficking by: (1) felonious manufacture of 2,000 pounds or more but less than 10,000 pounds of marijuana, and (2) felonious possession of 2,000 pounds or more but less than 10,000 pounds of marijuana. G.S. 90-95(h)(1)(c). Defendant's motion to dismiss at the close of all the evidence was denied. The court, *inter alia*, instructed the jury on constructive possession and on the issue of the weight of the marijuana. The jury returned a verdict of not guilty to the charge of trafficking by felonious manufacture of 2,000 pounds or more but less than 10,000 pounds of marijuana. The jury returned a guilty verdict on the charge of trafficking by possession of 2,000 pounds or more but less than 10,000 pounds of marijuana. G.S. 90-95(h)(1)(c). Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Richard Carlton, for the State.*

*Bryan, Jones, Johnson & Snow, by Robert Bryan and Dwight W. Snow, for defendant appellant.*

JOHNSON, Judge.

[1] Defendant contends the trial court erred by allowing an SBI agent to testify about what part of the plant is marijuana. The SBI agent stated his familiarity with the statutory definition of marijuana, and then proceeded to give his definition. The agent testified that "[a]ny part of a growing plant, that is a group of marijuana and or a group of plant material which is identified to be marijuana if it is a plant at the time it is submitted or obtained by the submitting officer, it is considered by *me* to be marijuana." (Emphasis ours.) The agent specifically stated that this was his working definition of marijuana. We find no error in allowing the SBI agent's testimony. The agent did not specifically include mature stalks in his definition of marijuana. Nor was there any indication in the jury instructions that this lab expert's working definition could serve as a basis for defendant's convic-

tion. Moreover, the jury was specifically instructed that pursuant to G.S. 90-87(16), mature stalks were not considered to be marijuana.

[2] Defendant contends the court erred in its denial of defendant's motion to dismiss at the close of all the evidence. Defendant argues that the evidence regarding the essential element of weight of the marijuana was insufficient to support a conviction. In considering motions for dismissal the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom, disregarding defendant's evidence. *State v. Porter*, 303 N.C. 680, 281 S.E. 2d 377 (1981); *State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982). The function of a trial judge when passing on a motion to dismiss is to determine if a reasonable inference of defendant's guilt of the crime may be drawn from the evidence. *State v. Thomas*, 296 N.C. 236, 250 S.E. 2d 204 (1978).

Viewing the evidence in the light most favorable to the State we find that the evidence tended to show the following: Two areas of marijuana were located on defendant's farm. Approximately 2,921 marijuana plants were cut from these areas and stacked. The plants were loaded onto three trucks. One truck, a blue two-ton truck, was already one-quarter loaded with plastic pipes and one thousand two hundred eighty (1,280) marijuana plants cut from a field that was not on defendant's farm. However, the marijuana plants loaded onto a grey pickup truck and a red GMC two-ton truck were cut exclusively from a field on defendant's farm. The three loaded trucks had a combined weight of 37,310 pounds. The combined weight of the three trucks without the plastic pipes and marijuana plants was 24,900 pounds. This was 12,410 pounds less than the loaded trucks. The mature stalks of the marijuana plants would constitute one-quarter of their poundage.

The reasonable inference from the State's evidence is that the two trucks loaded exclusively with the marijuana plants cut from the field on defendant's farm exceed the 2,000 pounds for a violation of G.S. 90-95(h)(1)(c). The blue two-ton truck had 1,280 marijuana plants cut from a field not on the Grainger farm. The tare weight of the blue two-ton truck was 9,560 pounds. The red two-ton GMC truck had a tare weight of 11,090 pounds. The com-

bined tare weight of these two trucks was 20,650 pounds. The combined weight of these two trucks with their loads was 32,530 pounds.

The difference between the combined loaded weight of the two trucks and their combined tare weight is 11,880 pounds. Even when viewing the evidence in the light most favorable to defendant, by taking one-half this weight to represent the weight of the load on the blue two-ton truck and subtracting that from 11,880 pounds leaves 5,940. This figure would definitely eliminate any wrongful inclusion of the plastic pipe and the 1,280 plants cut from a field not owned by defendant. This is particularly true since approximately three-quarters of the marijuana plants loaded on the blue two-ton truck were cut from the field on defendant's farm. Testimony by the State's witness was that the mature stalks constituted one-quarter of the weight of the marijuana plants. Even taking that into consideration, the red two-ton GMC truck loaded with approximately 5,940 pounds of marijuana plants cut exclusively from fields on defendant's farm would equal approximately 4,455 pounds of marijuana as defined by G.S. 90-87 (16). The weight of the marijuana on this one truck alone is over twice the 2,000 pounds specified in G.S. 90-95(h)(1)(c).

The tare weight of the grey pickup truck was 4,250 pounds. This truck had a weight of 4,780 pounds when loaded with marijuana plants cut exclusively from defendant's farm. The 530 pound difference represents the weight of the marijuana plants. When one-quarter of that weight is factored out to eliminate the weight of the mature stalks, there is an additional 375 pounds of marijuana that may be added to the 4,455 pounds of marijuana cut from the field on defendant's farm and loaded on the red two-ton GMC truck. This represents a total of 4,830 pounds of marijuana as defined by G.S. 90-87(16). This amount of marijuana cut from a field on defendant's farm clearly exceeds the 2,000 pounds specified in G.S. 90-95(h)(1)(c).

In an analogous case, this Court has held that the proof of weight becomes more critical as the State's evidence of weight approaches the statutory minimum for a violation of G.S. 90-95 (h)(1)(c). *State v. Anderson*, 57 N.C. App. 602, 292 S.E. 2d 163 (1982). In *Anderson*, this Court held that the burden was on defendant to show that enough of the 2,700 pounds of material

seized did not qualify as marijuana. In the case *sub judice,* defendant has not shown that enough of the material seized did not qualify as marijuana. The trial judge was correct in allowing the case to go to the jury.

Defendant contends that the trial court committed plain error in its charge to the jury on constructive possession. There was no objection by defendant to the jury instructions. Rule 10(b)(2), N.C. Rules App. P. However, despite defendant's failure to specifically object to the trial court's constructive possession instruction, we have reviewed the entire jury instruction under the plain error rule. *State v. Odum,* 307 N.C. 655, 300 S.E. 2d 375 (1983). Plain error in the context of jury instructions is when "the instructional mistake had a probable impact on the jury's finding that defendant was guilty." *United States v. McCaskill,* 676 F. 2d 995, 1002 (4th Cir.), *cert. denied,* 447 U.S. 927, 103 S.Ct. 381, 74 L.Ed. 2d 513 (1982). If this occurred such a plain error would deprive defendant of his fundamental right to a fair trial. *State v. Odum, supra.* After reviewing the entire jury instruction we find the instructions were without error.

Prior to the instructions on constructive possession the judge instructed the jury to weigh all the evidence and if they were not convinced beyond a reasonable doubt then they must find defendant not guilty.

The charge to the jury on constructive possession was as follows:

> Now a person has constructive possession of marijuana if he does not have it on his person but is aware of its presence, and has either by himself or together with others both the power and intent to control its disposition or use. Now a person's awareness of the presence of marijuana and his power and intent to control its disposition or use may be shown by direct evidence or may be inferred from the circumstances. If you find beyond a reasonable doubt that marijuana was found on the defendant's farm and that the defendant exercised control over those premises, whether or not he owned them, this would be a circumstance from which you may infer, but are not required to infer, that the defendant was aware of the presence of the marijuana and had the power and intent to control its disposition or use.

This jury instruction comports with the accepted definition of constructive possession as enunciated in *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972).

> An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. Where such materials are found on the premises under the control of an accused, this fact in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession.

*Id.* at 12, 187 S.E. 2d at 714.

[3] Defendant contends that the jury was allowed to make an inference sufficient to find defendant guilty of knowingly possessing, solely because the marijuana was found on a farm which he controlled. We disagree. There were other circumstances from which a jury could reasonably infer defendant knew marijuana was on his farm. The State's evidence tended to show that defendant distributed marijuana to his farm workers during their lunch breaks; a farm worker testified defendant paid him to put marijuana stalks in sheets of tobacco and tie them up; another farm worker testified that he assisted defendant in planting the marijuana crop, and that defendant has paid him to harvest the marijuana crop and haul it to South Carolina.

In the judge's recapitulation of the evidence a reference was made to the fact that the land was not posted and people hunted on the lands. Viewing the entire instruction as a whole we find that the jury was properly instructed that they could infer constructive possession, but were not required to make that inference.

After the jury returned its verdict and before the entry of judgment defendant made a motion to dismiss pursuant to G.S. 15A-1227(3) on the ground that the evidence was insufficient to sustain a conviction. As discussed above we find that the evidence was sufficient to take the case to the jury and to sustain a conviction.

By his final assignment of error, defendant contends the jury returned inconsistent verdicts. During oral argument defendant

abandoned this issue on appeal and therefore we do not address it.

Defendant received a trial free of prejudicial error.

No error.

Judges WEBB and PHILLIPS concur.