**Michael Scott NOWLING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–90–00197–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 15, 1990.
Rehearing Denied Jan. 10, 1991.

George McCall Secrest, Jr., Houston, for appellant.

Roger A. Haseman, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and SEARS, JJ.

OPINION

JUNELL, Justice.

Following a non-jury trial appellant was convicted of possession of marihuana in a useable quantity of more than four (4) ounces, but less than five (5) pounds and the trial court assessed punishment at confinement in the Texas Department of Corrections for ten years. Appellant brings two points of error alleging: (1) the trial court erred in denying appellant's Motion For Quantitative Weight Analysis of Alleged Marihuana Subsequent to Removal of Non–Germinable Seeds and Mature Stalks; and (2) insufficient evidence to support the conviction.[1] We reverse and remand.

Appellant filed a pre-trial motion styled Defendant's Motion For Quantitative Weight Analysis of Alleged Marihuana Subsequent to Removal of Non–Germinable Seeds and Mature Stalks. Prior to the commencement of trial, appellant brought the trial court's attention to the motion. After some discussion the trial court denied appellant's motion. In his first point of error appellant claims such denial was in error.

Appellant was charged with possession of marihuana under the TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(3), i.e. possession over four ounces but less than five pounds. The Code defines marihuana:

"Marihuana means the plant Cannabis sativa L., whether growing or not, the seed of that plant, and every compound, manufacture, salt, derivative, mixture, or preparation of that plant or its seeds. **The term does not include:**

1. Appellant correctly recognizes that appellate review of the district court's act of adjudicating the appellant's guilt in trial court cause numbers 477413 and 477414 is not properly before this court. TEX.CODE CRIM.PROC.ANN. art. 42.12 § 5(b) states:

> ... on violation of a condition of probation imposed under subsection (a) of this section, the defendant may be arrested and detained as provided in § 24 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it pro-

ceeds with an adjudication on the original charge. No appeal may be taken of this determination.

This language bars appellate review of a trial court's decision revoking a defendant's probation after there has been an adjudication of guilt. In cause numbers 477413 and 477414 appellant was placed on deferred adjudication. Subsequently, the court proceeded to adjudicate appellant's guilt in these causes. As stated above these causes are not properly before this court. They will not be addressed.

(A) the resin extracted from a part of the plant or a compound, manufacture, salt, derivative, mixture, or preparation of the resin;

(B) **the mature stalks of the plant or fiber produced from the stalks;**

(C) oil or cake made from the seeds of the plant;

(D) a compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks, fiber, oil, or cake; or

(E) **the sterilized seeds of the plant that are incapable of germination.** TEX. HEALTH & SAFETY CODE ANN. § 481.002(26) (emphasis added).

Further, the Code provides in § 481.184(a):

The state is not required to negate an exemption or exception provided by this chapter in a complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this chapter. **A person claiming the benefit of an exemption or exception has the burden of going forward with the evidence with respect to the exemption or exception.** (emphasis added)

■ The Court of Criminal Appeals has held that § 481.002(26)(A)–(E) which excludes certain material from the definition of marihuana are in the nature of exceptions and that the burden of going forward with the evidence pertaining thereto rests upon the person claiming their benefit. *Doggett v. State*, 530 S.W.2d 552, 555 (Tex.Crim.App.1975). The accused has the burden to show any exception he claims. This requires the accused to produce evidence to establish a defensive plea concerning the weight of the marihuana. *See Elkins v. State*, 543 S.W.2d 648, 650 (Tex.Crim.App. 1976). Therefore, under *Doggett* and *Elkins*, the appellant has the burden to present evidence as to what the proper weight of the marihuana is excluding stalks or other excludable material when he disputes the state's contention as to weight. *Marroquin v. State*, 746 S.W.2d 747, 749 (Tex.Crim.App.1988).

■ Appellant attempted to carry the burden placed on him by the statute by requesting a quantitative weight analysis after removal of the excludable material, that is, mature stalks and non-germinable seeds. Appellant requested that such analysis be done by the Houston Police Department or that he be permitted to have an independent expert conduct the analysis. This request was especially critical in this case in that the state's own crime lab witness, Mark Seeley, testified that the total weight of the marihuana was 126.3 grams, just over four ounces, and that the seeds composed 39.5 grams of the total weight of 126.3 grams. Converting these findings to ounces shows that the seeds constituted over an ounce of that total weight. There is no evidence in the record either from Mr. Seeley or any other witness to indicate what portion of the seeds were germinable and what portion were non-germinable. Mr. Seeley further testified that there was no attempt to "break out" the mature stalks and non-germinable seeds. It was imperative for the defendant to know what portion of the total weight was composed of mature stalks and non-germinable seeds because the weight of the marihuana determines the offense level for which appellant could be charged. Appellant's requests were denied by the trial court.

It is impossible for this court to see how the appellant could sustain his burden in light of the ruling by the trial court. Without a quantitative analysis appellant could not establish his defensive theory that the weight of the marihuana was not within the amount charged by the state. This placed the appellant in an impossible dilemma.

■ There is no general right under the Constitution of the United States to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 845, 51 L.Ed.2d 30 (1977). However, TEX. CODE CRIM.PROC.ANN. art. 39.14 makes it clear that the decision on what is discoverable is committed to the discretion of the trial court. *Quinones v. State*, 592 S.W.2d 933, 940 (Tex.Crim.App.1980) *cert. denied*, 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980). The issue is whether the trial court abused its discretion in refusing to allow the discovery requested by the appellant.

Texas follows the rule which requires the trial court to permit discovery only if the evidence sought is material to the **defense** of the accused. *Quinones,* 592 S.W.2d at 941 (emphasis in the original). The Texas Court of Criminal Appeals has chosen to define "materiality" in the due process terms used by the Supreme Court in *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

> "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial does not establish 'materiality' in the constitutional sense." In determining materiality, the omission must be "evaluated in the context of the entire record," and constitutional error is committed only "if the omitted evidence creates a reasonable doubt that did not otherwise exist." *Stone v. State,* 583 S.W.2d 410, 415 (Tex. Crim.App.1979) in part quoting *Agurs,* 427 U.S. at 108–10, 112, 96 S.Ct. at 2399–2401, 2401–02.

Under this standard, it is clear that the information requested by the appellant was material. § 481.184(a) squarely placed the burden on the appellant to establish any exceptions under § 481.002(26) that he wished to raise. The denial of his motion for a quantitative analysis and the lack of evidence as to the weight of the marihuana excluding the mature stalks and non-germinable seeds creates a reasonable doubt that did not otherwise exist. We find that the trial court abused its discretion in denying appellant's motion.

■ But beyond the above analysis, it has long been the law in this state that a defendant has an absolute right to independent examination of the drugs in drug possession cases. *Quinones v. State,* 592 S.W.2d 933 (Tex.Crim.App.1980); *Terrell v. State,* 521 S.W.2d 618 (Tex.Crim.App.1975); *Detmering v. State,* 481 S.W.2d 863 (Tex. Crim.App.1972). Thus, the motion for a quantitative analysis excluding mature stalks and non-germinable seeds should have been granted on this basis. A trial court may not prevent a defendant from attempting to carry the burden placed on

him by the legislature as it is in § 481.184(a). To do so runs contrary to the most elementary principle of justice. Appellant's first point of error is sustained.

■ In his second point of error appellant alleges the evidence is insufficient to establish that he possessed a quantity of marihuana of more than four ounces but less than five pounds.

In reviewing challenges to the sufficiency of the evidence to support a conviction we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App 1989) (reconfirming the *Jackson* standard of review).

Appellant argues that based on the testimony of state witness Mark Seeley the evidence is insufficient as a matter of law to establish possession of over four ounces of marihuana. He contends that Mr. Seeley's statement that "seeds, roots, and mature stalk and the rest of it is considered usable" defies the definition of marihuana contained in TEX.HEALTH & SAFETY CODE ANN. § 481.002(26). What appellant neglects to recall is that it is his burden to establish any exception on which he relies. TEX.HEALTH & SAFETY CODE ANN. § 481.184(a). The state, through the testimony of Mr. Seeley did prove that the total weight of the marihuana was over four ounces. Further, Officer Baskin testified that based on the information from a confidential, reliable source he obtained a search warrant for a trailer where the appellant was known to be. The search warrant was executed on October 26, 1989. The officer testified that he searched a tool box where his informant had told him the drugs would be located. Officer Baskin found marihuana in the tool box and the appellant was arrested. Officers found a Houston Lighting and Power bill addressed to appellant at 3407 Campbell, the same address as the trailer. This evidence is sufficient to connect the defendant with the drugs found

and to show he intentionally and knowingly possessed a quantity of marihuana over four ounces but less than five pounds. Appellant's second point of error is overruled.

The judgment of conviction is reversed and remanded for a new trial.