**STATE of Minnesota, Appellant,**

**v.**

**Shawn Michael GALLUS, Jeffrey Karl Eiffert, Respondents.**

No. C8–91–1912.

Court of Appeals of Minnesota.

Feb. 18, 1992.

Review Denied March 26, 1992.

---

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Roger S. Van Heel, Stearns County Atty., Mary Yunker, Asst. County Atty., St. Cloud, for appellant.

John M. Stuart, State Public Defender, Scott G. Swanson, Asst. Public Defender, Minneapolis, for respondent Shawn Michael Gallus.

Scott G. Swanson, Asst. Public Defender, for respondent Jeffrey Karl Eiffert.

Considered and decided by CRIPPEN, P.J., and PARKER and STONE *, JJ.

## OPINION

PARKER, Judge.

Respondents Shawn Gallus and Jeffrey Eiffert were charged with selling marijuana in violation of Minn.Stat. § 152.025, subd. 1(1) (1990). The trial court held an omnibus hearing to determine whether the state had evidence showing that respondents possessed more than the statutory minimum amount of marijuana when they were charged. The trial court concluded that Minn.Stat. § 152.025, subd. 1(1), is violated only when a defendant possesses more than 42.5 grams of marijuana, exclusive of the weight of the mature stalks of the marijuana plants. Because the state failed to present evidence showing that respondents possessed more than 42.5 grams of marijuana, exclusive of mature stalks, the trial court dismissed the criminal complaints. The state appeals from this dismissal.

## FACTS

On February 5, 1991, St. Cloud police officers searched the residence of Shawn Gallus and Jeffrey Eiffert pursuant to a search warrant. In a hidden room at this residence, the officers found a phototron plant-enhancement growing machine containing four green, leafy plants, distilled water, an electric heater and an electric heater timer for use in cultivating the growing plants. The officers seized these items and a green, leafy substance stored in black film containers.

Gallus and Eiffert were charged with selling marijuana in violation of Minn.Stat. § 152.025, subd. 1(1). They moved to dismiss the criminal complaints based on lack of probable cause. The trial court held an omnibus hearing to determine whether probable cause was lacking.

At the omnibus hearing the state called Mark Nielsen, a forensic scientist with the Bureau of Criminal Apprehension (BCA), to testify. Nielsen testified that he analyzed the plants taken from respondents' residence and determined that the plant material was marijuana. He also determined that the four intact marijuana plants weighed 66.8 grams.

When Nielsen weighed the four marijuana plants, he weighed the *entire* plants, including the flower tops, seeds, stems and stalks. Although he knew that the mature stalk of a marijuana plant is not included in the definition of "marijuana," he testified that he did so because BCA procedure requires an analyst to weigh the whole plant and not to distinguish between its different parts.

Nielsen also testified that the marijuana plants were sexually mature, as indicated by the flower tops. However, he further stated his opinion that the stalks had not reached growth maturity.

Based on Nielsen's testimony regarding the methods used to weigh the marijuana plants, the trial court granted respondents' motion to dismiss the criminal complaints. The trial court reasoned that Minn.Stat. §§ 152.025, subd. 1(1); 152.01, subd. 9; and 152.01, subd. 16 (1990), require the state to show that respondents possessed more than 42.5 grams of marijuana, exclusive of the weight of the mature stalks of these

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

plants. The trial court concluded that the state failed to prove that the marijuana stalks were immature and therefore could have been weighed with the marijuana plants. Furthermore, the state failed to offer evidence that the plants weighed more than 42.5 grams without the stalks, if they were mature. Because the state failed to provide evidence that respondents violated Minn.Stat. § 152.025, subd. 1(1), the trial court granted their motion to dismiss.

## ISSUES

1. Does Minn.Stat. § 152.025, subd. 1(1) (1990), require the exclusion of mature stalks when determining the weight of marijuana?

2. Does the state have the burden of proving that marijuana weighs more than the statutory minimum?

## DISCUSSION

### I

■ Appellate courts review de novo the trial court's construction of a statute. *Sorenson v. St. Paul Ramsey Medical Ctr.*, 457 N.W.2d 188, 190 (Minn.1990). "In construing a provision of a statute, we look to the statute as a whole and give effect to all of its provisions." *Allison v. Sherburne Country Mobile Home Park*, 475 N.W.2d 501, 504 (Minn.App.1991). *See also* Minn. Stat. § 645.16 (1990). However, penal statutes "must be strictly construed against the government." *State v. Vail*, 274 N.W.2d 127, 131 (Minn.1979).

The state contends that Minn.Stat. § 152.025, subd. 1(1) (1990), is violated when a person cultivates more than 42.5 grams of a substance that has any identifiable marijuana in it. The state argues that this statute is violated even if the mature stalk of a marijuana plant is included to determine its weight.

Minn.Stat. § 152.025, subd. 1(1), states: A person is guilty of controlled substance crime in the fifth degree if: (1) the person unlawfully sells one or more mixtures containing marijuana or Tetrahydrocannabinols, *except a small amount of marijuana for no remuneration.*

(Emphasis added.) Minn.Stat. § 152.01, subd. 9, defines "marijuana" as

all parts of the plant of any species of the genus Cannabis, including all agronomical varieties, whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seed or resin, *but shall not include the mature stalks of such plants.*

(Emphasis added.) Minn.Stat. § 152.01, subd. 16, defines "small amount" as "42.5 grams or less" of marijuana.

Minn.Stat. § 152.025, subd. 1(1), specifically states that it is not violated if a person has a "small amount" of "marijuana" for no remuneration. "Marijuana" does not include mature stalks, and a "small amount" is 42.5 grams or less. The definition of marijuana excludes mature stalks even when marijuana is used in a mixture with other substances. Based on the above statutes, the trial court did not err in concluding that Minn.Stat. § 152.025, subd. 1(1), is violated only when marijuana plants weigh more than 42.5 grams, exclusive of the weight of the mature stalks.

When the general provisions of one law conflict with the special provisions of another, the two laws shall be construed so that effect may be given to both. Minn. Stat. § 645.26, subd. 1 (1990). Minn.Stat. § 152.01, subd. 9, contains general provisions which define "marijuana" and must be construed with other statutes that use this term. After careful consideration, the legislature has specifically excluded "mature stalks" from the definition of "marijuana." Minn.Stat. § 152.025, subd. 1(1), has a specific provision which excludes the possession of a small amount of marijuana from prosecution. In interpreting Minn. Stat. § 152.025, subd. 1(1), this court must construe these general and special provisions to "effectuate the intention of the legislature." Minn.Stat. § 645.16 (1990).

Furthermore, when a law contains words that are not explicit, "the intention of the legislature may be ascertained by considering * * * [t]he consequences of a particular interpretation." Minn.Stat. § 645.16(6) (1990). If this court were to interpret Minn.Stat. § 152.025, subd. 1(1), in the manner suggested by the state, such a reading would nullify the statutory minimum requirements for the possession of marijuana. If the legislature did not intend to have a minimum weight requirement, it would have deleted it from Minn. Stat. § 152.025, subd. 1(1). Although this court understands the state's concerns, the 42.5–gram weight requirement is limited to marijuana and requires a defendant to possess about 1.5 ounces of the drug. For these reasons, we conclude that the trial court correctly interpreted Minn.Stat. § 152.025, subd. 1(1).

II

■ The state has the burden of proving the essential elements of a crime. *State v. Currie*, 267 Minn. 294, 306–07, 126 N.W.2d 389, 398 (1964).

> The test for determining what constitutes a basic element of, rather than an exception to a statute, has been stated as 'whether the exception is so incorporated with the clause defining the offense that it becomes in fact a part of the description.'

*State v. Brechon*, 352 N.W.2d 745, 749 (Minn.1984) (quoting *Williams v. United States*, 138 F.2d 81, 81–82 (D.C.Cir.1943)).

Some states have held that the defendant has the burden of proving that the marijuana at issue weighs less than the statutory minimum. *See Nowling v. State*, 801 S.W.2d 182, 184 (Tex.Ct.App.1990); *State v. Grainger*, 78 N.C.App. 123, 126–27, 337 S.E.2d 77, 80 (N.C.Ct.App.1985). However, other states have held that the state has the burden of proving that the marijuana weighs more than the statutory minimum. *See Purifoy v. State*, 359 So.2d 446, 449 (Fla.1978). In *Purifoy* the Florida Supreme Court stated:

> In a case such as this, where a portion of the substance introduced by the state as contraband is claimed by the defendant to be nonprohibited matter, it becomes the state's burden to prove that the weight of the contraband matter alone exceeds the statutory threshold of five grams. To hold otherwise would not only place an intolerable burden on criminal defendants, but would contravene the fundamental rule that the prosecution must prove every essential element of the crime charged.

*Id.*

Although Minn.Stat. § 152.025, subd. 1(1), contains the word "except," the determination of whether the marijuana possessed by a defendant is more than a "small amount" is part of the definition of the offense. This statute is violated only when a defendant possesses more than 42.5 grams of marijuana. Proof of the weight of the marijuana is a basic element of the crime, the burden of which is on the state. Respondents in this case, like the defendant in *Purifoy*, claim they possessed a nonprohibited amount of marijuana. Although the state showed that the marijuana in this case weighed 66.8 grams *with* the stalks, it failed to provide evidence that the marijuana weighed more than 42.5 grams, the statutory threshold, without the stalks.

Furthermore, the state failed to prove that the marijuana plant stalks were immature and did not require exclusion under the statute. Although Nielsen testified that the stalks of the marijuana plants were physically immature, the trial court concluded that Nielsen was not qualified to give a reliable opinion regarding the growth maturity of the stalks because he did not have formal education or training in the study and classification of plants.

■ It is within the trial court's discretion to determine whether a witness is sufficiently qualified to testify as an expert, and the court's decision will be reversed only if it is clearly erroneous. Minn. R.Civ.P. 52.01; *Prichard Bros., Inc. v. Grady Co.*, 436 N.W.2d 460, 464–65 (Minn. App.1989), *pet. for rev. denied* (Minn. May 2, 1989). The trial court did not commit clear error in deciding that, based on Niel-

sen's educational background, he was not qualified to determine the maturity of the marijuana stalks.

## DECISION

The trial court did not err in concluding that Minn.Stat. § 152.025, subd. 1(1) (1990), is violated when a defendant possesses more than 42.5 grams of marijuana, exclusive of the weight of the mature plant stalks. The trial court correctly placed the burden on the state to prove either that the marijuana weighed more than 42.5 grams, exclusive of mature stalks, or that the marijuana plant stalks were immature. The trial court did not err in dismissing the complaint.

Affirmed.