Affirmed and Memorandum Opinion filed September 20, 2007








Affirmed and Memorandum Opinion filed September 20, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00601-CR

____________

 

ENRIQUE HERNANDEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1035992

 



 

M E M O R A N D U M   O P I N I O N

Appellant Enrique Hernandez challenges the legal
sufficiency of the evidence supporting his conviction for the possession of a
controlled substance.  In two issues, appellant contends the evidence is
legally insufficient to (1) establish he knowingly possessed the controlled
substance and (2) prove the weight of the controlled substance was more than
five pounds.  Because we conclude sufficient evidence supports appellant=s conviction, we
affirm.

 








I.  Factual and Procedural Background

On August 2, 2005, Harris County Sheriff=s Deputy Maciej
Jug observed appellant drive a maroon Ford Taurus through a stop sign in
northwest Harris County.  Deputy Jug initiated a traffic stop for the
violation; when Jug asked appellant for his driver=s license and
proof of insurance, appellant was unable to provide them and gave various Arenditions@ of his date of
birth.  After getting Apartial information@ from appellant
regarding his name and birth date, Jug asked appellant where he was coming from
and whose vehicle he was driving.  Appellant gave him three different
explanations:  (1) he had just picked up the car from a friend for a test drive
because he was thinking about buying it; (2) he had just picked up the car from
a body shop; and (3) he had just purchased the car about fifteen minutes ago. 
While questioning appellant, Jug also noticed a faint scent of marihuana
emanating from the vehicle.  Because Deputy Jug perceived that appellant was
being deceitful in his responses and possibly attempting to conceal criminal
activity, he arrested appellant for the offense of driving without a license.

Shortly after Jug arrested appellant, Deputy Quinton Cooper
arrived as backup.  Jug and Cooper began an inventory search of the vehicle
before having it towed.  While searching the interior of the car, Jug again
noticed a faint scent of marihuana and expected that he would discover
marihuana somewhere in the vehicle.  When Jug opened the trunk of the car, he
and Deputy Cooper immediately smelled an Aoverwhelming@ odor of
marihuana.  In the otherwise empty trunk, they saw a large bag of dog food with
what appeared to be marihuana Asticking out@ of the bag.[1]









Appellant was charged with the felony offense of possession
of marihuana weighing more than five pounds and less than fifty pounds.  At his
trial, Deputies Jug and Cooper both testified regarding the discovery of the
marihuana.  Forensic chemist James Jackson from the Harris County Medical
Examiner=s office confirmed
that the contraband recovered from the vehicle was marihuana and that the total
weight of the marihuana was 19.6 pounds, including stems and seeds.  Appellant
called several witnesses who established that the car appellant  was driving
when the drugs were discovered was a rental car and that he was not the individual
who had rented the car.  The jury found appellant guilty as charged and
assessed punishment at two years imprisonment, with a recommendation for
community supervision.  The trial court sentenced appellant to two years
imprisonment, probated for three years.  This appeal timely followed.

II.  Issues Presented

In his first issue, appellant challenges the legal
sufficiency of the evidence to establish knowing possession of a controlled
substance.  He asserts in his second issue that the evidence is legally
insufficient to prove that the weight of the controlled substance was more than
five pounds.  

III.  Sufficiency of the Evidence

A.      Standard
of Review

When reviewing the legal sufficiency of the evidence, we do
not ask whether we believe that the evidence at trial established guilt beyond
a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318‑19, 99
S.Ct. 2781, 2789 (1979). Rather, we examine the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Id.
443 U.S. at 319, 99 S.Ct. at 2789; Mason v. State, 905 S.W.2d 570, 574
(Tex. Crim. App. 1995) (en banc).

B.      Knowing Possession of a Controlled Substance

 In his first issue, appellant contends the evidence is
insufficient to prove that he knowingly possessed the marihuana  because the
State failed to present sufficient evidence linking appellant to the contraband
discovered in the trunk of the rental car he was driving. 








To prove unlawful possession of a controlled substance, the
State must prove that: (1) the accused exercised control, management, or
care over the substance; and (2) the accused knew the matter possessed was
contraband.  Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App.
2005).[2] 
ARegardless of
whether the evidence is direct or circumstantial, it must establish that the
defendant=s connection with the drug was more than fortuitous.@  Evans v.
State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006).   Thus, if the accused
is not in exclusive possession of the place where the drugs are found, there
must be additional independent facts and circumstances that Aaffirmatively link
the person to the contraband in such a way that it can be concluded that the
accused had knowledge of the contraband and exercised control over it.@  Roberson v.
State, 80 S.W.3d 730, 735 (Tex. App.CHouston [1st
Dist.] 2002, pet. ref=d).  

Relevant
factors that may Aaffirmatively link@ an accused to contraband include: 

(1)       the defendant=s presence when
a search is conducted; 

(2)       whether the contraband was in plain view; 

(3)       the defendant=s proximity to
and the accessibility of the narcotic; 

(4)       whether the defendant was under the influence of narcotics
when arrested; 

(5)       whether the defendant possessed other contraband or narcotics
when arrested; 

(6)       whether the defendant made incriminating statements when
arrested; 

(7)       whether the defendant attempted to flee; 

(8)       whether the defendant made furtive gestures; 

(9)       whether there was an odor of contraband; 

(10)     whether other contraband or drug paraphernalia were present; 

(11)     whether the defendant owned or had the right to possess the
place where the drugs were found; 

(12)     whether the place where the drugs were found was enclosed; 








(13)     whether the defendant was found with a large amount of cash;
and 

(14)     whether the conduct of the
defendant indicated a consciousness of guilt.

Olivarez v. State, 171 S.W.3d 283, 291 (Tex. App.CHouston [14th Dist.] 2005, no pet.). 
Although these factors Aare not a litmus test@ for legal sufficiency, they are some
of the additional facts and circumstances that may circumstantially establish
the legal sufficiency of the evidence that an accused knowingly Apossessed@ the contraband.  Evans, 202
S.W.3d at 162 n.12.

Most importantly, here appellant was the sole occupant and
driver of the rental car when the drugs were discovered in the trunk.  In
addition, the State established the following facts and circumstances linking
appellant to the drugs: (1) appellant was present when the search was
conducted; (2) he was in close proximity to the drugs, and they were easily
accessible to him; (3) there was a slight odor of marihuana in the passenger
area of the car and an Aoverwhelming@ odor of the drugs
in the trunk of the car; (4) the drugs were found in an enclosed area, i.e.,
the trunk of the car, in plain view when the trunk was opened; and (5)
appellant=s varying explanations for his possession of the
rental car indicated a consciousness of guilt.  In addition, the marihuana
weighed in excess of nineteen pounds; thus the quantity of the contraband found
was significant.  See Rice v. State, 195 S.W.3d 876, 880-81 (Tex. App.CDallas 2006, pet.
ref=d) (holding that
evidence was legally sufficient where defendant was present when illegal drugs
were found in the trunk of the car, he was the sole occupant and driver of the
car in which the drugs were found, and the amount of drugs found was
significant).

Viewing the evidence in the light most favorable to the
verdict, we conclude that any rational trier of fact could have found beyond a
reasonable doubt that appellant knowingly possessed the marihuana recovered
from the trunk of the car he was driving.  We therefore overrule appellant=s first issue.








B.      Weight of Controlled Substance

In his second issue, appellant challenges
the sufficiency of the evidence establishing that the controlled substance
weighed more than five pounds. Appellant was charged with possession of over
five pounds but less than fifty pounds of marihuana. See Tex. Health & Safety Code Ann. ' 481.121(b)(4)
(Vernon 2003).  

The definition of marihuana excludes, as is relevant here,
(a) the mature stalks of the plant or fiber produced from the stalks and (b)
the sterilized seeds of the plant that are incapable of germination.  Id.
' 481.002(26).  But
the Code also provides that the State

is not required to negate an exemption or exception provided by this
chapter in a complaint, information, indictment, or other pleading or in any
trial, hearing, or other proceeding under this chapter. A person claiming
the benefit of an exemption or exception has the burden of going forward with
the evidence with respect to the exemption or exception. 

 

Id. ' 481.184(a)
(emphasis added).  Thus, the exclusions from the definition of marihuana are
treated as exceptions, and the burden of going forward with the evidence
pertaining to them rests upon the person claiming their benefit.  Doggett v.
State, 530 S.W.2d 552, 555 (Tex. Crim. App. 1975).   The accused must
therefore present evidence as to the proper weight of the marihuanaCwithout any
excludable materialCwhen he disputes the State=s evidence of
weight.  Nowling v. State, 801 S.W.2d 182, 184 (Tex. App.CHouston [14th
Dist.] 1990, pet. ref=d). 








In this case, forensic chemist James Jackson testified that
the marihuana recovered from the rental car driven by appellant weighted 19.6
pounds.  He also stated that even if the stems and seeds were removed, which
would be difficult to do because the marihuana had been tightly compressed, A[t]he amount of
marihuana would still exceed five pounds.@  He further
testified that it was Ahighly unlikely@ that the stalks
and seeds alone weighed enough (i.e., 14.6 pounds) to render the weight
of marihuana less than five pounds.  Moreover, appellant presented no evidence
regarding the weight of the marihuana excluding stalks and seeds.[3]

Viewing the evidence in the light most favorable to the
verdict, we conclude any rational trier of fact could have found beyond a
reasonable doubt that appellant knowingly possessed over five and less than
fifty pounds of marihuana.  Accordingly, we overrule appellant=s second issue.  

IV.  Conclusion

Having overruled appellant=s legal
sufficiency challenges, we affirm the trial court=s judgment.

 

 

/s/      Eva M. Guzman

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed September 20, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Both a brick of marihuana weighing 6.4 pounds and a
bale of marihuana weighing 13.2 pounds were found in the trunk of the car.





[2]  (citing Joseph v. State, 897 S.W.2d 374, 376
(Tex. Crim. App. 1995) and Martin v. State, 753 S.W.2d 384, 387 (Tex.
Crim. App. 1988)).





[3]  Although appellant filed a pre-trial motion for a quantitative analysis
of the marihuana excluding stems and seeds, he did not obtain a ruling on this
motion.  After Jackson=s testimony, appellant sought a continuance
to have the marihuana quantitatively analyzed Aby someone [who] can do it right,@ which was denied by the trial
court.  In Nowling, we determined that, although the trial court erred
by denying appellant=s motion to have the marihuana in
question quantitatively analyzed for weight after removal of excludable
material, the evidence was still legally sufficient to convict the accused of
the charged offense because he had not met his burden to establish the weight
of the marihuana excluding any non-controlled substances.  Nowling, 801
S.W.2d at 185. Thus, even if the trial
court erred in denying appellant=s
motion for continuance, an argument not asserted by appellant, under the facts
of this case, we would still determine that the evidence regarding weight
offered by the State was legally sufficient to establish appellant possessed
over five and less than fifty pounds of marihuana.