**Richmond**

GLASSFORD L. HILL

v.

COMMONWEALTH OF VIRGINIA

No. 0620-92-2

Decided December 14, 1993

COUNSEL

David P. Baugh, for appellant.

Eugene Murphy, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—This case presents an issue of first impression in Virginia. We must interpret Code § 54.1-3401, which defines "marijuana," and decide the extent to which marijuana stalks and marijuana seeds may be weighed to meet the statutory minimum weight requirement for possession of marijuana with intent to distribute proscribed by Code § 18.2-248.1.[1] We conclude that mature marijuana stalks or sterilized seeds may not be used for the purpose of meeting the statutory minimum weight. We also conclude, on an issue not of first im-

---

[1] The relevant parts of both statutes are as follows:

"Marijuana" means any part of a plant of the genus Cannabis whether growing or not, its seeds or resin; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or its resin. Marijuana shall not include any oily extract containing one or more cannabinoids unless such extract contains less than twelve percent of tetrahydrocannabinol by weight, or the mature stalks of such plant, fiber produced from such stalk, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture or preparation of such mature stalks, fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination.

Code § 54.1-3401.

Except as authorized in the Drug Control Act, Chapter 34 of Title 54.1, it shall be unlawful for any person to sell, give, distribute or possess with intent to sell, give or distribute marijuana.

pression, that the admission of evidence of a prior sale of marijuana was error. Therefore, we reverse the convictions and remand for a new trial.

## I.

Glassford Hill was charged with the felony of possession with intent to distribute more than one-half ounce but less than five pounds of marijuana and the misdemeanor of distributing not more than one-half ounce of marijuana, both in violation of Code § 18.2-248.1. At trial, the Commonwealth introduced two bags of marijuana found in Hill's possession. One bag contained less than one-half ounce of marijuana. The other bag contained approximately two and one-half ounces of material that consisted of leaf marijuana, a mature marijuana stalk, marijuana stems, and marijuana seeds. The Commonwealth's expert testified that she did not remove the mature stalk or seeds before weighing the contents of the bags.

The Commonwealth also introduced, over Hill's objection, evidence of Hill's prior sale of marijuana to an undercover officer. The evidence showed that Hill sold marijuana three days prior to the events which precipitated the charges for which Hill was being tried. After initially accepting the evidence, the trial judge instructed the jury that they were not to consider the prior offense "except as to whether or not on this occasion that he's charged with possession of marijuana with intent to distribute, whether there was intent to distribute on this occasion. Other than that, you are to disregard the [prior offense]." After a conference with counsel, and again over Hill's objection, the trial judge further instructed the jury that they could consider the prior offense:

> not for the guilt or innocence of . . . what happened on that day or, in fact, for the guilt or innocence on this charge; but you may consider it in weighing the evidence and considering the charge

(a) Any person who violates this section with respect to:

(1) Not more than one-half ounce of marijuana is guilty of a Class 1 misdemeanor;

(2) More than one-half ounce but not more than five pounds of marijuana is guilty of a Class 5 felony;

(3) More than five pounds of marijuana is guilty of a felony punishable by imprisonment of not less than five nor more than thirty years.

Code § 18.2-248.1.

of possession with intent to distribute only. You are not to consider it with respect to the other charge of marijuana.

Hill was convicted of both charges. On appeal, Hill contends (1) that the Commonwealth's evidence was insufficient to prove beyond a reasonable doubt that the seized material included at least one-half ounce of marijuana as defined by Code § 54.1-3401; and (2) that the admission of evidence of his prior offense was prejudicial.

II.

In pertinent part, Code § 54.1-3401 defines "marijuana" as follows:

"Marijuana" means any part of a plant of the genus Cannabis . . . , its seeds or resin; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or its resin. Marijuana *shall not include . . . the mature stalks of such plant,* fiber produced from such stalk, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture or preparation of such mature stalks, fiber, oil, or cake, *or the sterilized seed of such plant* which is incapable of germination.

(Emphasis added).

The material that the Commonwealth seized from Hill and used to convict him of possession with intent to distribute more than one-half ounce but less than five pounds of marijuana weighed 84.53 grams, or approximately 2.98 ounces.[2] The Commonwealth's expert testified that the material consisted of marijuana leaf, marijuana stems, a marijuana stalk, and marijuana seeds. The expert also testified that the stalk was mature and that the sterility of the seeds was unknown. The weight of the stalk and seeds was included in the 2.98 ounces.

Hill contends that the Commonwealth failed to prove that he possessed more than one-half ounce of marijuana as that term is statutorily defined. The Commonwealth urges upon this Court a reading of the word "mixture," as used in the statute, that would permit the weight of mature stalks and seeds, whether sterilized or unsterilized, to count toward the statutory minimum.

---

[2] The Commonwealth's expert witness testified that 1 ounce is equivalent to 28.35 grams. Thus, for purposes of this appeal we conclude that 84.53 grams is equivalent to 2.98 ounces.

■ We agree with Hill's contention that the Commonwealth had the burden of proving beyond a reasonable doubt that the plant material, exclusive of mature stalk and sterilized seeds, weighed more than one-half ounce.[3] Fundamental principles dictate that the burden is on the Commonwealth to prove each and every element of the charged offense.

> The rule is well established that "in every criminal case the evidence of the Commonwealth must show, beyond a reasonable doubt, every material fact necessary to establish the offense for which a defendant is being tried. This burden of proof never shifts." "Any rule of state law which has the ultimate effect of shifting the burden of persuasion to the accused upon this critical issue is constitutionally infirm."

*Sargent v. Commonwealth,* 5 Va. App. 143, 148, 360 S.E.2d 895, 898 (1987) (citations omitted). Moreover, whenever courts are required to interpret statutes that are penal in nature, the statute "must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute." *Turner v. Commonwealth,* 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983).

■ The interpretation urged by the Commonwealth is untenable in light of the use of the word "mixture" in the second sentence of the statute. The second sentence of the statute expressly removes from the definition of marijuana any "mixture" of "such mature stalks, fiber, oil, or cake, or the sterilized seed of such plant." Code § 54.1-3401. If this Court is to give meaning to every word in Code § 54.1-3401, *see McLean Bank v. Nelson,* 232 Va. 420, 427, 350 S.E.2d 651, 656 (1986), we must give appropriate deference to the legislative mandate that only possession of over one-half ounce of marijuana as it is statutorily defined falls within the ambit of the felony of which Hill was convicted. *Cf.* Code § 18.2-248.1(a)(1) *with* Code § 18.2-248.1(a)(2).

■ Proof that the accused possessed marijuana, as that material is defined in Code § 54.1-3401, is an essential element of each of the offenses proscribed by Code § 18.2-248.1. Likewise, proof that the accused possessed the weight of marijuana proscribed by Code § 18.2-

---

[3] A majority of the states which have addressed this question have come to the same conclusion. *See, e.g., State v. Gallus,* 481 N.W.2d 116 (Minn. App. 1992); *State v. Hyzer,* 811 S.W.2d 475 (Mo. App. 1991); *Ex parte Bohannon,* 564 So. 2d 854 (Ala. 1988); *Purifoy v. State,* 359 So. 2d 446 (Fla. 1978). *But see State v. Davis,* 476 N.E.2d 655 (Ohio 1985); *Saenz v. State,* 733 S.W.2d 265 (Tex. App. 1987).

248.1(a)(2) is an essential element of that offense. Although the Commonwealth proved that Hill possessed marijuana leaf, a mature marijuana stalk, and marijuana seeds of unknown sterility, the total of which weighed in excess of one-half ounce, the evidence failed to prove beyond a reasonable doubt that the marijuana, less the weight of the mature stalk and seeds, weighed more than one-half ounce.

The possession of sterilized seeds is not a criminal offense. The evidence in this case did not prove whether the seeds had been sterilized. Thus, the evidence does not prove beyond a reasonable doubt that the seeds were unsterilized. For this reason, the weight of the seeds should not have been included to meet the statutory requirement. No evidence proved the weight of the seeds. Likewise, no evidence proved the weight of the mature stalk.

The Commonwealth suggests that because the proof only had to establish more than one-half ounce of marijuana, the trier of fact could have inferred that 2.98 ounces, less the mature stalk and the seeds, exceeded one-half ounce. On the evidence in this record, any such inference would have been purely speculative because no facts were proved that would have supported such an inference. Therefore, the evidence is insufficient as a matter of law to sustain a conviction of possession of greater than one-half ounce of marijuana with intent to distribute. The evidence was sufficient to prove only the Class 1 misdemeanor specified in Code § 18.2-248.1(a)(1).

### III.

█ The general rule is that evidence of prior offenses is inadmissible to show that the accused committed the crime with which he is charged. *Kirkpatrick v. Commonwealth,* 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). The Commonwealth may introduce evidence of prior offenses if the evidence falls within one of the recognized exceptions to the general rule. These exceptions include proof of motive, intent, or knowledge of the accused, or "where the evidence is connected with or leads up to the offense for which the accused is on trial." *Id.*

The issue here is controlled by three cases from the Supreme Court of Virginia. In *Boyd v. Commonwealth,* 213 Va. 52, 189 S.E.2d 359 (1972) (per curiam), the Court held, in factual circumstances virtually identical to this case, that a sale of contraband several days prior to the sale for which Boyd was charged did not meet any of the *Kirkpatrick* exceptions. *Id.* at 53, 189 S.E.2d at 360. Similarly, *Eccles v. Commonwealth,* 214 Va. 20, 197 S.E.2d 332 (1973) (per curiam),

held that evidence of Eccles's actually smoking marijuana did not tend to prove his "knowledgeability concerning marijuana" in such a way that its probative value exceeded its prejudicial value in a trial for possession of marijuana with intent to distribute. *Id.* at 21-22, 197 S.E.2d at 333. In *Donahue v. Commonwealth,* 225 Va. 145, 300 S.E.2d 768 (1983), the Court relied on *Boyd* for the proposition that a prior arrest and conviction for selling drugs did not fall within the *Kirkpatrick* "general scheme" or "intent" exception. *Donahue,* 225 Va. at 155-56, 300 S.E.2d at 774. Donahue had been arrested and convicted on charges of selling PCP one month and eleven days prior to her being charged with the offense for which she was on trial. The trial judge instructed the jury that Donahue's prior arrest and conviction could be used as proof of her intent to distribute drugs. The Supreme Court held that the two charges were sufficiently unrelated and the prejudicial value of the prior offense outweighed its probative value. *Id.* These cases compel a holding that the proof of Hill's prior offense was overly prejudicial and, therefore, should not have been admitted.

The Commonwealth argues that the *en banc* decision of this Court in *Satterfield v. Commonwealth,* 14 Va. App. 630, 420 S.E.2d 228 (1992), compels a different result. In *Satterfield,* the defendant argued that he was not a distributor of drugs but a mere habitual user. To prove that theory, he sought to introduce evidence of his addiction and a portion of a statement he made to the police discussing his addiction. He sought to exclude a portion of that statement that tended to incriminate him regarding his intent to sell drugs. This Court held that where Satterfield's attempt to exclude evidence would have actively "misled the jury" the Commonwealth was entitled to admit evidence to prove Satterfield's true intent. 14 Va. App. at 637, 420 S.E.2d at 232.

This case is distinguishable from *Satterfield* on its facts. Hill did not put on a case at all and, therefore, did not seek to mislead the jury. The Commonwealth reads *Satterfield* too broadly by arguing that when intent is an element of the offense, prior offenses should be admissible. Intent was at issue here, as it is in most crimes. *Kirkpatrick, Boyd, Eccles,* and *Donahue,* all clearly indicate, however, that a significant nexus must exist between intent and the charge at hand. The nexus must be greater than a basic recitation of the fact that intent is an element of the crime. To conclude otherwise is to allow the exception in *Kirkpatrick* to swallow the general rule. Moreover, this conclusion is manifest in the requirement that the probative value of evidence outweigh its prejudicial value. The rationale in *Satterfield*

implicitly acknowledges that much by pointing to Satterfield's active challenge to the Commonwealth's effort to prove intent. At Hill's trial, no such active challenge was manifest, the prior offense was not necessary to show intent in the context of the Commonwealth's other evidence, and there was no risk of misleading the jury in the absence of the prior offense evidence. Therefore, it was error to admit the evidence of the prior offense.

## IV.

Although the Commonwealth failed to prove that Hill possessed more than one-half ounce of marijuana, the Commonwealth did prove possession of at least some amount of marijuana. Therefore, the judgment of conviction under Code § 18.2-248.1(a)(2) is reversed and remanded for trial, if the Commonwealth be so advised, on a charge that carries a penalty no greater than that attendant to Code § 18.2-248.1(a)(1), misdemeanor possession of marijuana with intent to distribute. Because of the erroneous admission of the evidence of other crimes, the conviction for misdemeanor of distributing not more than one-half ounce of marijuana is also reversed and remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Barrow, J., and Coleman, J., concurred.