A Rehearing En Banc was granted for this case on June 27, 1995.

COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Benton and Elder
Argued at Richmond, Virginia


JEFFERY CLAIBORNE ALLEN, S/K/A
 JEFFREY C. ALLEN

MEMORANDUM OPINION[*] BY

v.  Record No. 2559-93-1          JUDGE JAMES W. BENTON, JR.
                                            MAY 30, 1995
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Robert W. Curran, Judge

Ronald L. Smith for appellant.

Leah A. Darron, Assistant Attorney General
(James S. Gilmore, III, Attorney General;
Eugene Murphy, Assistant Attorney General,
on brief), for appellee.


Jeffrey C. Allen was convicted of possessing marijuana, in an amount in excess of one-half ounce, with the intent to distribute, Code § 18.2-248.1(a)(2).  Allen contends that the trial judge erred in finding that the weight of unanalyzed seeds may be considered when determining whether the statutory weight requirement had been proved.  We reverse the felony conviction and remand for imposition of judgment for the misdemeanor offense.  Code § 18.2-248.1(a)(1).

The evidence proved that the police executed a search warrant at Allen's residence and seized several bags of marijuana.  The forensic scientist who analyzed the marijuana

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

determined its weight to be 40.5 ounces.  She testified that seeds were present in the marijuana.  She did not remove the seeds; she did not know whether the seeds were capable of germination; and she did not weigh the seeds.  In denying the motion to strike the evidence, the trial judge ruled that the seeds were properly used in determining the weight of the marijuana.

In Hill v. Commonwealth, 17 Va. App. 480, 438 S.E.2d 296 (1993), we held "that the Commonwealth had the burden of proving beyond a reasonable doubt that the plant material, exclusive of mature stalk and sterilized seeds, weighed more than one-half ounce."  Id. at 484, 438 S.E.2d at 298.  See Code § 54.1-3401. The Commonwealth failed to do so in this case.

Because the evidence failed to prove Allen possessed the amount of marijuana necessary to support a felony sentence pursuant to Code § 18.2-248.1(a)(2), we reverse the felony sentence and remand the conviction for imposition of a judgment for the misdemeanor offense pursuant to Code § 18.2-248.1(a)(1) and sentencing.

Reversed and remanded.

MOON, C.J., dissenting.

I respectfully dissent from the majority's opinion that the Commonwealth's evidence was insufficient to prove beyond a reasonable doubt that Jeffrey C. Allen possessed more than one-half ounce of marijuana.

After the Commonwealth proved possession by Allen of the material in question, it introduced into evidence Commonwealth's Exhibit No. 1, the Certificate of Analysis signed by Karen B. Deutsch.  It shows that the material was marijuana weighing 40.5 ounces.  The critical part of the exhibit shows the following:

Evidence submitted by:  D. K. Waters

Sealed packaging containing:

7, 8, 9, 10, 12 and 13,  Six (6) plastic bags, each containing plant material.

11.  Two (2) plastic bags, each containing plant material.

RESULTS:

7.   Marijuana, 435.8 grams (15.37 ounces).
8.   Marijuana, 432.1 grams (15.24 ounces).
9.   Marijuana, 159.7 grams (5.63 ounces).
10.  Marijuana, 110.6 grams (3.90 ounces).
11.  Marijuana, total weight:  10.3 grams (0.36 ounce).
12.  Marijuana, 1.4 grams (0.04 ounce).
13.  Marijuana, 0.2 gram (0.007 ounce).

Officers Waters testified that the two larger bags of marijuana would sell on the street for over a thousand dollars. All of the marijuana, he testified, if divided into smaller portions, could be sold for $10,000.  The defendant admitted to being a marijuana user and having paid $500 for the five ounce

bag. Defendant's girlfriend testified that she had agreed to pay $4800 for the marijuana found in the house.

This evidence, in my opinion, made out a prima facie case of possession by Allen of more than one-half ounce of marijuana.

The defense then called as its witness Karen B. Deutsch, the Forensic Scientist for the Division of Forensic Science who had signed the certificate of analysis. She was told to look at the bags "7," "8," and "9" and asked "are there seeds in these bags?" She responded "there are some, yes." Also, in response to questions, she stated that she did not weigh the seeds and did not know if the seeds were germinating or sterile.

She was not asked about bags "10," "11," "12," and "13."[1]

Bag "9" is obviously a clear plastic bag of plant material containing, as Deutsch testified, "some seeds," not a bag of seeds containing some plant material. One can handle bag "9" and, without removing the marijuana and the seeds from the bags, tell that the weight of seeds in the bag is inconsequential compared to the weight of the other plant material. By isolating seeds to one corner of the bag and feeling the seeds, it is apparent that the seeds are not of matter possessing an unusually high specific gravity. It is obvious that the plant material greatly outweighs that of the seed material. Only if the seeds

---

[1] Only the plastic bag within the manila envelope marked "#9" has Exhibit 1 labeled on it. The other manila envelopes marked "#7," "#8," "#10," "#11," "#12," and "#13" were kept by the circuit court clerk as part of the court file and forwarded at our request along with bag #9 to the Court of Appeals.

weigh eighty times more than does the plant material could the evidence be insufficient.

In my opinion, a rational fact finder could have believed beyond a reasonable doubt that bag "9" alone contained more than one-half ounce of marijuana.  The weight of the bags containing marijuana that appellant did not challenge was over five ounces.

I would affirm the judgment, and therefore, I dissent.