COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judges Benton and Coleman
Argued at Salem, Virginia


KENNETH DAVID NEWTON
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1708-96-3   CHIEF JUDGE NORMAN K. MOON
                                        OCTOBER 7, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF LEE COUNTY
                 William C. Fugate, Judge

        Walter E. Rivers for appellant.

        Linwood T. Wells, Jr., Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.



     Kenneth Newton appeals his jury trial convictions of

conspiring to commit a felony in violation of Code § 18.2-256,

distributing less than one-half ounce of marijuana in violation

of Code § 18.2-248.1(a)(1), and distributing more than one-half

ounce but less than five pounds of marijuana in violation of Code

§ 18.2-248.1(a)(2). The jury recommended the maximum sentence on

each charge, and the judge sentenced Newton based on the jury's

recommendation, with all sentences running consecutively, for a

total of 20 years in prison and twelve months in jail. Newton

asserts that the trial court erred (1) in finding the evidence

sufficient to prove that he distributed marijuana which weighed

more than one-half ounce; and (2) in ruling admissible the

testimony of a police officer that his definition of the term

─────────────
        [*] Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

"target" was "someone known to deal narcotics in the community."

We hold that the Commonwealth failed to prove that the marijuana possessed by Newton weighed more than one-half ounce. We also hold that it was error for the court to permit the "target" testimony because of its highly prejudicial nature. Therefore, we reverse the convictions and remand for a new trial.

Newton was arrested by Investigator Robert L. Givens, a member of the Narcotics Division of the Virginia State Police. During Newton's trial, Givens was asked whether Newton had become the "target" of an undercover investigation. Givens responded affirmatively and was then asked to define the term "target." He responded that a "target" was someone "known to deal narcotics in the community." Counsel objected, stating, "I am going to object to this and would move for a mistrial."

The trial court responded, "I think I would overrule the objection. The witness has testified that he has been a member of the Virginia State Police 23 years, with the Narcotics Division for 17 years . . . . I think that he would qualify under those circumstances to be able to give the general definition as to what that means in the area of narcotics." Newton filed a motion to set aside the verdict and to award a new trial, again arguing that Givens' testimony should not have been admitted. At the hearing on that motion, the trial court stated:

> Well, I did rule at that time, when the
> motion was made, that I did not think it was
> prejudicial because in his testimony he did
> use the word "target" and some question was
> asked what the word target meant, but I don't
> think that he went beyond that point in any

- 2 -

> situation when he talked about Mr. Newton.
> So I would overrule the motion on that
> particular ground.

Givens also testified that he had overseen a number of "controlled buys" during which Newton had sold marijuana to a police informant. On cross-examination, Givens was asked whether the marijuana Newton sold "appear[ed] to you to be marijuana with the stems and seeds and the whole nine yards." Givens testified, "[i]t appeared to me to be marijuana, the real thing."

Sergeant James Hartsock of the Lee County Sheriff's Office testified that he sent the seized marijuana to the state forensic laboratory for analysis. On cross-examination, he stated that he did not know if the stalks, stems, and seeds had been removed before it was weighed. When asked whether "[a]s far as you know, they probably weighed the entire thing," he responded, "[t]hat's their procedure." Hartsock was also asked if he had "any idea what this stuff would weigh without the stalks and stems and seeds." He testified, "No, I don't have any idea what it would weigh before or after; that's why I asked the lab to weigh it."

## Admissibility of Drug Weight

It is well established that "in every case the evidence of the Commonwealth must show, beyond a reasonable doubt, every material fact necessary to establish the offense for which a defendant is being tried." Hill v. Commonwealth, 17 Va. App. 480, 484, 438 S.E.2d 296, 298 (1993). "Proof that the accused possessed marijuana, as that material is defined in Code § 54.1-3401, is an essential element of each of the offenses

- 3 -

proscribed by Code § 18.2-248.1. Likewise, proof that the accused possessed the weight of marijuana proscribed by Code § 18.2-248.1(a)(2) is an essential element of that offense." Id. at 484-85, 438 S.E.2d at 299.

Code § 54.1-3401 specifically provides that the definition of marijuana "shall not include . . . the mature stalk of such plant, fiber produced from such stalk, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture or preparation of such mature stalks, fiber oil, cake, or the sterilized seed of such plant which is incapable of germination." Accordingly, we have held that mature marijuana stalks, sterilized seeds, and stems may not be used for the purpose of meeting the minimum weight required for conviction under Code § 18.2-248(a)(2). Id. at 484, 438 S.E.2d at 298.

When asked whether the marijuana Newton sold "appear[ed] to be marijuana with the stems and seeds and the whole nine yards," Officer Givens replied, "[i]t appeared to me to be marijuana, the real thing." Sergeant Hartsock stated that he had not asked the state forensic laboratory to weigh the marijuana without the stems, seeds, or stalks and that he did not know if the marijuana had been weighed without that material. He further testified that it was the state lab's procedure to weigh marijuana with the seeds, stalks, and stems.

The Commonwealth failed to prove that the marijuana was properly weighed or that, less the weight of the stems and sterilized seeds, it weighed more than one-half ounce. Rather,

- 4 -

the testimony of the Commonwealth's witnesses permits the reasonable inference that the marijuana was weighed with stems and seeds.  Therefore, the evidence was not sufficient to prove that the marijuana weighed more than one-half ounce.

<u>Admissibility of Officer Givens' "Target" Testimony</u>

Newton also asserts that the trial court erred in allowing Officer Givens' testimony concerning the term "target" because Givens expressed an opinion as to the ultimate fact in issue. Newton further contends that the testimony was inadmissible other crimes evidence and that its probative value was outweighed by its resulting prejudice.

Newton's argument focuses on the following colloquy:

Commonwealth:  And, Officer Givens, was there a time when Kenneth Newton became what's known as a target of an undercover investigation?

Givens:  Yes, there was.

Commonwealth:  Could you describe for the jury what a target is?

Givens:  A target is an individual who is known to deal in narcotics in the community.

Counsel:  Your Honor, I'm going to object to this and would move for a mistrial.

Court:  I think I would overrule the objection. The witness has testified that he has been a member of the Virginia State Police for 23 years, with the Narcotics Division for 17 years, and it's a question of what the common definition of.... what was the word?

Commonwealth:  "Target," your Honor.

Court:  Okay, I think that he would qualify under those circumstances to be able to give the general definition as to what that means in the area of narcotics.

Although Newton failed to state the grounds for his motion for a mistrial, in response to his subsequent motion to set aside the verdict because of the "target" testimony, the court responded that it "did not think [the testimony] was prejudicial[,] . . . [s]o I would overrule the motion on that particular ground."

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Newton failed to specify a basis for his objection to the "target" testimony. In response to his motion for a new trial, however, the court stated that it was rejecting the motion because it did not find the testimony to be prejudicial. This response shows that the court considered whether the testimony's prejudicial nature outweighed its probative value.

"The purpose of the contemporaneous objection rule embodied in Rule 5A:18 is to inform the trial judge of the action complained of in order to give the judge the opportunity to consider the issue and to take timely corrective action, if warranted, in order to avoid unnecessary appeals, reversals and mistrials." Robinson v. Commonwealth, 13 Va. App. 574, 576, 413 S.E.2d 885, 886 (1992). Here, that purpose was achieved because the court considered the basis on which Newton now appeals. We

therefore hold that Newton's assertion of error is not barred by Rule 5A:18.

We further hold that the testimony's probative value, if any, was outweighed by its highly and unfairly prejudicial nature. Officer Givens testified that Newton was a "target[--]an individual known to deal in narcotics in the community." The admission of this testimony created a manifest probability that Newton was improperly prejudiced. See id. at 579, 413 S.E.2d at 888. Additionally, the jury's recommendation of the maximum sentence on all three charges and the court's implementation of this recommendation, with the sentences to run consecutively for a total of 20 years in prison and twelve months in jail, suggest that the "target" testimony was indeed highly prejudicial. The trial court erred by not declaring a mistrial because the testimony may have prejudiced the jurors against Newton by portraying him as a person with a propensity to distribute narcotics. We therefore reverse and remand for a new trial on the conspiracy charge and two misdemeanor charges of distributing less than one-half ounce of marijuana.

Reversed and remanded.