COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Annunziata
Argued at Richmond, Virginia


ROBERT EARL CHALMERS

MEMORANDUM OPINION[*] BY
v.  Record No. 2482-96-2          JUDGE JERE M. H. WILLIS, JR.
                                       DECEMBER 23, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Robert W. Duling, Judge

Matthew T. Paulk, Assistant Public Defender
(David J. Johnson, Public Defender, on
brief), for appellant.

Eugene Murphy, Assistant Attorney General
(Richard Cullen, Attorney General, on brief),
for appellee.


Robert E. Chalmers was convicted in a bench trial of
possession of more than five pounds of marijuana with the intent
to distribute.  Code § 18.2-248.1(a)(3).  Chalmers contends that
the trial court erred in finding the evidence sufficient to prove
beyond a reasonable doubt that the plant material seized included
more than five pounds of marijuana.  For the following reasons,
we affirm the judgment of the trial court.

I.

Special Agent James R. Dempsey arrested Chalmers and
recovered a black nylon bag containing a brick of plant material.
Dempsey testified that the brick contained marijuana leaves,
seeds, and mature stalks.  The Commonwealth moved to introduce

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the brick of plant material and the laboratory certificate of analysis. The certificate stated that the brick consisted of marijuana plant material weighing approximately 15.4 pounds. The sterilized seeds and mature stalks of the plant material were not removed from the brick before it was weighed.

Chalmers objected to the admission of the certificate of analysis. He argued that it stated only the general weight of the plant material seized and did not state what portion of the total material consisted of marijuana seeds and mature marijuana stalks. Chalmers also objected to the admission of the brick of plant material, arguing that it contained material other than marijuana leaves, which was irrelevant and highly prejudicial because it unjustly increased the weight of the marijuana.

The trial judge stated for the record that the brick measured "slightly in excess of eighteen inches in height, slightly in excess of twelve inches in width and slightly in excess of nine inches in depth." The trial judge opened the packaging, examined an opening on the top of the brick, and found it contained "very, very few stems, very, very few seeds and having observed the weight of the package the Court is of the opinion that the total of the mass by and large is the leaf material." The trial judge also examined the bottom of the brick and found that "to be of practically the identical consistency and that is the leaf material by far in excess of any seeds and very, very few stems at that level." The trial judge then

- 2 -

unwrapped the entire brick and found that "the number of seeds and the number of stems is a minuscule amount compared to the amount of the brownish-green leafy material."  The trial court admitted the certificate and the brick into evidence.

## II.

Chalmers contends that the trial court erred in convicting him of possession of more than five pounds of marijuana with the intent to distribute because the Commonwealth failed to prove the marijuana weighed more than five pounds absent the seeds and stalks as required by Code § 18.2-248.1(a)(3).

In Hill v. Commonwealth, 17 Va. App. 480, 438 S.E.2d 296 (1993), the Commonwealth introduced a bag of marijuana found in the defendant's possession, which contained approximately 2.98 ounces of material including leaf marijuana, a stalk, stems, and seeds.  See id. at 483, 438 S.E.2d at 297.  The Commonwealth's expert testified that she did not remove the mature stalk or seeds before weighing the bag's contents, and she did not know the sterility of the seeds.  Id.  In reversing Hill's conviction, we ruled that mature marijuana stalks or sterilized seeds may not be included for the purpose of meeting the statutory minimum weight for conviction.  Id. at 484-85, 438 S.E.2d at 299.  See Code § 54.1-3401.  We held that the Commonwealth had failed to meet its burden of proving "beyond a reasonable doubt that the marijuana, less the weight of the mature stalk and seeds, weighed more than one-half ounce."  Id. at 485, 438 S.E.2d at 299.

Here, however, the evidence, viewed in the light most favorable to the Commonwealth, Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975), supports the trial court's determination that the amount of marijuana exceeded five pounds.  The total material seized weighed over fifteen pounds. The trial judge inspected the brick and found it to consist overwhelmingly of marijuana leaves, with a "minuscule amount" of stems and seeds.  In concluding that the brick contained more than five pounds of marijuana, the trial court specifically excluded the stalk and seed content.  The evidence permitted the trial court to find reasonably that the substantial weight of the plant material consisted of marijuana leaves and that the weight of the seeds and stems was inconsequential compared to the weight of the other plant material.  Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that Chalmers committed the charged offense.

Affirmed.

Benton, J., dissenting.

"The rule is well established that 'in every criminal case the evidence of the Commonwealth must show, beyond a reasonable doubt, every material fact necessary to establish the offense for which a defendant is being tried.  This burden never shifts.'" Sargent v. Commonwealth, 5 Va. App. 143, 148, 360 S.E.2d 895, 898 (1987) (citation omitted).

> Proof that the accused possessed marijuana, as that material is defined in Code § 54.1-3401, is an essential element of each of the offenses proscribed by Code § 18.2-248.1.  Likewise, proof that the accused possessed the weight of marijuana proscribed by Code § 18.2-281.1(a)[(3)] is an essential element of that offense.  Although the Commonwealth proved that [Chalmers] possessed marijuana leaf, . . . mature marijuana stalk[s], and marijuana seeds of unknown sterility, the total of which weighed in excess of [five pounds], the evidence failed to prove beyond a reasonable doubt that the marijuana, less the weight of the mature stalk and seeds, weighed more than [five pounds].

Hill v. Commonwealth, 17 Va. App. 480, 484-85, 438 S.E.2d 296, 298 (1993).  See also Code § 54.1-3401 ("[m]arijuana shall not include . . . the mature stalks of such plant . . . or the sterilized seed of such plant which is incapable of germination").  No evidence proved the weight of the seeds or the mature stalks.  The only evidence of the weight of the brick of plant material was the certificate of analysis which listed the combined weight of all the plant material, including the mature stalks and sterilized seeds.

- 5 -

The trial judge's visual inspection of the material and his statements that the brick consisted mostly of leaf material are insufficient to prove the weight of the marijuana contained within the brick. Although the trial judge found that the amount of seeds and stems was "minuscule" in comparison to the amount of leaf material, this visual observation cannot replace a definitive finding of mass or weight necessary to convict the defendant beyond a reasonable doubt. Indeed, in Hill we noted that any inference that was drawn of the relative weight of the material from a visual inspection "would be purely speculation because no facts were proved that would have supported such an inference." Id.

The trial judge could not, by visual inspection alone, determine what portion of the total weight of the brick was attributable to the seeds and stalks. To establish beyond a reasonable doubt that the leaf marijuana weighed more than five pounds, the evidence had to prove the weight of the leaf marijuana exclusive of the seeds and mature stalks. Because this was not done in this case, I would hold that the Commonwealth failed to prove beyond a reasonable doubt the weight of the marijuana possessed by Chalmers. Therefore, I would reverse Chalmers' conviction.