COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


GREER HINTON

MEMORANDUM OPINION* BY
v.    Record No. 1616-98-2        JUDGE JAMES W. BENTON, JR.
                                  JUNE 29, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Oliver A. Pollard, Jr., Judge

Daniel W. Hall, Assistant Public Defender,
for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


The trial judge convicted Greer Hinton of possessing more than one-half ounce, but less than five pounds, of marijuana with the intent to distribute. See Code § 18.2-248.1. On this appeal, Hinton contends the evidence was insufficient to prove that he possessed more than one-half ounce of marijuana and that he intended to distribute the marijuana. We agree and reverse the conviction.

I.

The evidence proved that Officer Lowry and another police officer drove through a neighborhood and observed two men sitting

    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

in chairs by a fence.  Officer Lowry testified that he detected a strong odor of marijuana being smoked as they passed the men. When the officers exited their vehicle to investigate, one of the men ran into a nearby house.  Officer Lowry went to the house and entered with the consent of the occupant.  Once inside, Officer Lowry "patted . . . down" Mario Winfield, who admitted running into the house, and Greer Hinton, who was present in the room with Winfield.  Officer Lowry detected a strong odor of marijuana on Hinton's person.  When Officer Lowry determined that Hinton was not the person who ran into the house, he released Hinton.  Hinton left the house, went across the street, and watched as the officers investigated their suspicions.

As Officer Lowry began speaking to Winfield, an officer outside called Officer Lowry's attention to a pickup truck. Officer Lowry saw "a freezer bag" containing marijuana in plain sight on the truck's seat.  The total weight of the bag's contents was later determined to be 149.5 grams, or 5.27 ounces.  After talking with Winfield and Hinton again, Officer Lowry determined that Hinton earlier had driven the truck with Winfield as the passenger.  Officer Lowry then arrested Hinton and read him Miranda warnings.  When asked where he purchased the marijuana, Hinton responded "Croatan," which Officer Lowry knew to be an apartment complex.  He searched Hinton and recovered $520 and a pager.

-

II.

At trial, a forensic drug chemist testified that he examined and weighed the contents of the bag the officers found in the truck. He noted that the bag of marijuana contained numerous seeds and stems in addition to leaf material. He further testified that he did not analyze how much of the marijuana in the bag was leaf material versus stems or seeds and that they were "all mixed together." He simply weighed the entire contents of the bag.

The indictment charged that Hinton "did possess more than one-half ounce, but less than five pounds of marijuana with the intent to distribute" in violation of Code § 18.2-248.1.[1] Under

_____

[1] The relevant part of the statute is as follows:

> Except as authorized in the Drug Control Act, Chapter 34 of Title 54.1, it shall be unlawful for any person to sell, give, distribute or possess with intent to sell, give or distribute marijuana.
>
> (a) Any person who violates this section with respect to:
>
> (1) Not more than one-half ounce of marijuana is guilty of a Class 1 misdemeanor;
>
> (2) More than one-half ounce but not more than five pounds of marijuana is guilty of a Class 5 felony;
>
> (3) More than five pounds of marijuana is guilty of a felony punishable by imprisonment of not less than five nor more than thirty years.

this provision of the statute, "the Commonwealth had the burden of proving beyond a reasonable doubt that the plant material, exclusive of mature stalk and sterilized seeds, weighed more than one-half ounce."  Hill v. Commonwealth, 17 Va. App. 480, 484, 438 S.E.2d 296, 298 (1993)(footnote omitted).  See also Code § 54.1-3401.  "The rule is well established that 'in every criminal case the evidence of the Commonwealth must show, beyond a reasonable doubt, every material fact necessary to establish the offense for which a defendant is being tried.'"  Sargent v. Commonwealth, 5 Va. App. 143, 148, 360 S.E.2d 895, 898 (1987) (citation omitted).

In Hill, we specifically addressed the proof that is required.

> Proof that the accused possessed marijuana, as that material is defined in Code § 54.1-3401, is an essential element of each of the offenses proscribed by Code § 18.2-248.1.  Likewise, proof that the accused possessed the weight of marijuana proscribed by Code § 18.2-248.1(a)(2) is an essential element of that offense.  Although the Commonwealth proved that Hill possessed marijuana leaf, a mature marijuana stalk, and marijuana seeds of unknown sterility, the total of which weighed in excess of one-half ounce, the evidence failed to prove beyond a reasonable doubt that the marijuana, less the weight of the mature stalk and seeds, weighed more than one-half ounce.

17 Va. App. at 484-85, 438 S.E.2d at 299.

The forensic chemist testified that he did not weigh the leafy material separate from the seeds and stems.  He further

-

testified that he could not visually examine the evidence at trial "to determine the weight of those" seeds and stems. On this evidence, any inference that the leafy material exceeded one-half ounce is purely speculative. See id. Accordingly, the evidence failed to prove beyond a reasonable doubt the weight of the marijuana or that the weight of the marijuana exceeded one-half ounce.

### III.

At trial, the Commonwealth presented no direct evidence that Hinton had sold marijuana or intended to sell it. The record contains no conduct or statements by Hinton from which an intent to distribute could be inferred. Rather, the Commonwealth offered Officer Lowry as an expert in investigations, packaging, and value of marijuana. Over Hinton's objections, the trial judge qualified Officer Lowry as an expert in these areas. He then testified that 5.27 ounces of marijuana would be valued at approximately $400. He also testified that Hinton's possession of that quantity of marijuana, in conjunction with the money and a pager, was inconsistent with personal use.

The officer's testimony assumed to be true that the packaging contained 5.27 ounces of marijuana. However, the forensic chemist's testimony established that seeds and stems were included in that weight. Because the officer's testimony that the charge of intent to distribute was based primarily on

-

"the quantity" of marijuana and the evidence failed to prove that the bag contained the amount of marijuana Lowery assumed to exist, the evidence failed to prove beyond a reasonable doubt that element of the offense.  Furthermore, the officer's testimony that marijuana found "in bulk like this, it's usually torn down to sandwich baggies, corners" is based on pure speculation concerning Hinton's intended use.  Convictions may not be based on speculation and conjecture.  See Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977). Although the evidence may be strong and may "show a probability of guilt," Smith v. Commonwealth, 218 Va. 927, 929, 243 S.E.2d 463, 464 (1978), "the evidence is insufficient to carry the Commonwealth's case from the realm of probability and supposition into the area of proof beyond a reasonable doubt." Hall v. Commonwealth, 225 Va. 533, 537, 303 S.E.2d 903, 905 (1983).  Thus, we reverse the conviction.

Reversed.

-