COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Frank
Argued at Chesapeake, Virginia


CARL LAWAYNE HUGHES

                                        MEMORANDUM OPINION* BY
v.    Record No. 2604-99-1              JUDGE JAMES W. BENTON, JR.
                                             DECEMBER 19, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                        Verbena M. Askew, Judge

            Janice G. Murphy for appellant.

            H. Elizabeth Shaffer, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     The trial judge convicted Carl Lawayne Hughes of the felonies

of distributing marijuana and possessing with the intent to

distribute marijuana in violation of Code § 18.2-248.1(a)(2).

Hughes contends the evidence in each case was insufficient to

prove the weight of the marijuana exceeded more than one-half

ounce. We reverse the felony convictions and remand for

resentencing as misdemeanor convictions. See Code

§ 18.2-248.1(a)(1).

                                I.

     The grand jury indicted Carl Lawayne Hughes for distributing

more than one-half ounce but not more than five pounds of

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

marijuana and for possessing with the intent to distribute more than one-half ounce but not more than five pounds of marijuana in violation of Code § 18.2-248.1. The evidence at trial proved that Detective Stevenson met Hughes and another man at a restaurant to buy marijuana. Hughes permitted the detective to inspect two separate bags, each of which contained what appeared to be marijuana. Detective Stevenson purchased one bag from Hughes.

Several officers arrested Hughes after he exited the restaurant. Hughes still had possession of the other bag the detective had inspected. The officer who arrested Hughes testified that both bags contained what appeared to be marijuana, seeds, stems, and little twigs. He also testified that the laboratory technicians will not separate seeds and stems when doing the analysis. The detective who purchased the substance from Hughes testified that he did not request the technicians to separate the stems or seeds from the other material in the bag. He also did not request that the seeds be analyzed to determine if they were sterile or would germinate.

When the Commonwealth moved to offer as evidence the contents of the two bags and the two certificates of analysis, Hughes objected on the ground that both bags contained seeds and stems, which are not marijuana. The certificates indicated that the bag seized from Hughes contained 3.88 ounces of marijuana and the bag the detective purchased from Hughes contained 3.83 ounces of marijuana.

-

The trial judge ruled "you can visually take a look at the packages that were submitted into evidence and see that was a very small amount of seeds and stems and that the majority of this is the actual leaf itself."  The judge then overruled Hughes' objection and admitted into evidence the certificates and the bags of material.  At the conclusion of the evidence, the judge convicted Hughes of both felonies.

                              II.

Pertinent to this appeal, Code § 18.2-248.1 provides as follows:

>           [I]t shall be unlawful for any person to
>           . . . distribute or possess with intent to
>           . . . distribute marijuana.
>
>           (a)  Any person who violates this section
>           with respect to:
>
>           (1)  Not more than one-half ounce of
>           marijuana is guilty of a Class 1
>           misdemeanor;
>
>           (2)  More than one-half ounce but not more
>           than five pounds of marijuana is guilty of a
>           Class 5 felony[.]

At the time this offense was committed, Code § 54.1-3401 defined marijuana as follows:

>           "Marijuana" means any part of a plant of the
>           genus Cannabis . . . , its seeds or resin;
>           and every compound, manufacture, salt,
>           derivative, mixture, or preparation of such
>           plant, its seeds, or its resin.  Marijuana
>           shall not include . . . the mature stalks of
>           such plant, fiber produced from such stalk,
>           oil or cake made from the seeds of such
>           plant, any other compound, manufacture,
>           salt, derivative, mixture or preparation of

                              -

such mature stalks, fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination.[1]

The evidence proved that the bag of material the detective purchased from Hughes contained marijuana, seeds, stems, and little twigs. The total weight of those substances was 3.83 ounces. The evidence also proved that the bag of material Hughes had after that sale, which gave rise to the prosecution for possession with intent to distribute, similarly contained marijuana, seeds, stems, and little twigs. It weighed 3.88 ounces.

The evidence did not prove the weight of marijuana, which was statutorily defined to be exclusive of sterilized seeds, stems, and twigs. The prosecutor argued to the trial judge that the Commonwealth only had to prove weight over one-half ounce, that the weight of the bags far exceeded this amount, and that

---

[1] In 1999, the legislature amended the statute so that it now reads as follows:

> "Marijuana" means any part of a plant of the genus Cannabis whether growing or not, its seeds or resin; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or its resin. Marijuana shall not include any oily extract containing one or more cannabinoids unless such extract contains less than twelve percent of tetrahydrocannabinol by weight, nor shall marijuana include the mature stalks of such plant, fiber produced from such stalk, oil or cake made from the seeds of such plant, unless such stalks, fiber, oil or cake is combined with other parts of plants of the genus Cannabis.

-

for Hughes to prevail more than 80% of the material in the bags would have to consist of seeds, stems, and twigs.

As we noted in Hill v. Commonwealth, 17 Va. App. 480, 484, 438 S.E.2d 296, 298 (1993), "the Commonwealth had the burden of proving beyond a reasonable doubt that the plant material, exclusive of mature stalk and sterilized seeds, weighed more than one-half ounce."  That burden is not met when the quantity of material is of small weight and the trier of fact merely infers that the weight of the marijuana, less the stems, sterilized seeds, and twigs, exceeds one-half ounce.  In this case, when the trial judge decided the comparative weights of the substances by a visual inspection, she did no more than draw a mere inference of the necessary fact.  As in Hill, "any such inference would have been purely speculative because no facts were proved that would have supported such an inference."  Id. at 485, 438 S.E.2d at 299.

When the Commonwealth bears the burden of proving a fact beyond a reasonable doubt, a mere inference or conjecture concerning that fact is not sufficient to support the conviction.  See Stone v. Commonwealth, 176 Va. 570, 577, 11 S.E.2d 728, 731 (1940).  Evidence that creates only "a suspicion or probability" does not satisfy the Commonwealth's "burden . . . to prove every essential element of the offense beyond a reasonable doubt."  Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997).  We hold that the trial judge erred by

-

inferring from a visual inspection that the weight of marijuana in each bag, exclusive of sterilized seeds, stems, and twigs, exceeded one-half ounce.  Accordingly, we reverse the convictions and remand for imposition of misdemeanor convictions pursuant to Code § 18.2-248.1(a)(1).

<u>Reversed and remanded</u>.

Frank, J., concurring.

I concur with the majority because I believe <u>Hill v. Commonwealth</u>, 17 Va. App. 480, 438 S.E.2d 296 (1993), mandates the reversal of appellant's convictions. Since appellant was charged with one count of distributing more than one-half ounce but not more than five pounds of marijuana and one count of possession with the intent to distribute marijuana, we must determine whether the Commonwealth proved that the marijuana in each of the two bags weighed more than one-half ounce. One bag weighed 3.88 ounces, including leaf marijuana, stems, seeds, and twigs. The other bag weighed 3.83 ounces, including the same material. The weight of the two bags cannot be aggregated because there are two distinct offenses. In <u>Hill</u>, the marijuana, stems, and seeds weighed approximately 2.98 ounces. The Commonwealth argued the trial court could have inferred, upon a visual inspection of the contents, that the bag contained more than one-half ounce of marijuana less the mature stalk and seeds. We wrote, "[o]n the evidence in this record, any such inference would have been purely speculative because no facts were proved that would have supported such an inference." <u>Id.</u> at 485, 438 S.E.2d at 299.

In this case, the trial judge, after a visual inspection of the two bags, ruled that "you can visually take a look at the packages that were submitted into evidence and see that was a

-

very small amount of seeds and stems and that the majority of this is the actual leaf itself."

I agree with the majority that without a more detailed factual finding of the basis of the visual inspection, any such inference is purely speculative. However, I write separately to state that under the proper factual circumstances the trier of fact can, indeed, make a factual finding of the weight of the drugs without the testimony of an expert witness. If the quantity of drugs was of sufficient weight and the trier of fact stated the factual basis of its visual inspection, the trial court would not need an expert to determine that the weight of the drugs fell between one-half ounce and five pounds or that the drugs exceeded five pounds in weight. The trier of fact, after inspecting the drugs, could determine that the total material consisted overwhelmingly of marijuana leaves with an inconsequential quantity of stems and seeds.

For example, if the total amount of material weighed one hundred pounds and a small amount of the material consisted of stems and seeds, with the remaining portion being leaf marijuana, the trier of fact could make a factual finding that over five pounds of the material was leaf marijuana. The trier of fact does not need expert testimony to determine that the small amount of seeds and stems weighed ninety-five pounds or less. The record, however, must establish the factual basis of

-

the trial judge's conclusion, such as the weight discrepancy

between the leaf marijuana and the stems and seeds.