COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judges Powell and Alston
Argued at Chesapeake, Virginia


MILTON A. BROWN
                                                                        OPINION BY
v.        Record No. 0811-09-1                        JUDGE CLEO E. POWELL
                                                                      MARCH 16, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Timothy S. Fisher, Judge

Alexandria Chun (Office of the Public Defender, on brief), for
appellant.

Karen Misbach, Assistant Attorney General II (William C. Mims,
Attorney General, on brief), for appellee.


Milton A. Brown ("Brown") appeals his conviction for possession with intent to

distribute more than one-half ounce but less than five pounds of marijuana, in violation of Code

§ 18.2-248.1.  Brown contends that the Commonwealth failed to prove that he possessed more

than one-half ounce of marijuana as that term is statutorily defined.  Specifically, Brown argues

that the evidence was only sufficient to convict him of simple possession of marijuana because

the Commonwealth failed to prove that the plant material, exclusive of mature stalk and

sterilized seeds, weighed more than one-half ounce.

BACKGROUND

On March 28, 2008, Officer J.L. Sorg of the Newport News Police observed a small

group of young men "hanging out" on housing authority property.  He approached the men to

determine whether they lived on the property.

When he was "a couple of feet" away, Officer Sorg smelled the odor of marijuana coming from one of the men, later identified as Brown. Officer Sorg detained Brown and searched him. In Brown's left front pants pocket, Officer Sorg found two plastic bags, one of which contained four smaller baggies. The bags contained what Officer Sorg suspected was marijuana.

After Officer Sorg advised Brown of his <u>Miranda</u> rights, Brown told the officer he understood his rights. Brown subsequently admitted that he bought the marijuana and was going to sell it to a friend.

Brown was charged with one count of possession with intent to distribute more than one-half ounce but less than five pounds of marijuana. At trial, the Commonwealth entered the certificate of analysis into evidence to prove that Brown possessed more than one-half ounce of marijuana. According to the certificate of analysis, Brown possessed .52 ounce of marijuana.

After the Commonwealth had presented its evidence, Brown moved to strike on the grounds that there was no evidence that the weight of the marijuana was exclusive of seeds or mature stalk. The trial court noted that the certificate of analysis "says .42 ounces of plant material and .10 ounces of plant material. That's marijuana. There was no discussion in cross-examination, nothing about what it is or isn't." The trial court denied the motion.

Brown was subsequently found guilty and sentenced to ten years in prison with eight years and six months suspended. Brown appeals.

ANALYSIS

"When a defendant challenges on appeal the sufficiency of the evidence to sustain his conviction, it is the duty of an appellate court to examine the evidence that tends to support the conviction and to permit the conviction to stand unless the conviction is plainly wrong or without evidentiary support." <u>Commonwealth v. Presley</u>, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998).

"If there is evidence to support the conviction, an appellate court is not permitted to substitute its own judgment for that of the finder of fact, even if the appellate court might have reached a different conclusion." Id.

Relying on Hill v. Commonwealth, 17 Va. App. 480, 438 S.E.2d 296 (1993), Brown argues that the Commonwealth is required to affirmatively demonstrate that the weight of the marijuana is exclusive of the mature stalks and sterilized seeds (i.e. that the mature stalks, stems, and seeds were removed from the plant material prior to being weighed). Brown contends that, because there was no testimony from the Commonwealth regarding whether the stalks and sterilized seeds were removed, the Commonwealth failed to prove that the actual "marijuana" weighed more than a half ounce.

> Proof that the accused possessed marijuana, as that material is defined in Code § 54.1-3401, is an essential element of each of the offenses proscribed by Code § 18.2-248.1. Likewise, proof that the accused possessed the weight of marijuana proscribed by Code § 18.2-248.1(a)(2) is an essential element of that offense.

Id. at 484-85, 438 S.E.2d at 299.

In Hill, the Commonwealth's evidence included a bag that "contained approximately two and one-half ounces of material that consisted of leaf marijuana, a mature marijuana stalk, marijuana stems, and marijuana seeds." Id. at 482, 438 S.E.2d at 297. Relying on the definition of marijuana[1] in effect at that time, this Court held that the weight of marijuana was statutorily

---

[1] At the time, Code § 54.1-3401 defined marijuana as

> any part of a plant of the genus Cannabis whether growing or not, its seeds or resin; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or its resin. Marijuana shall not include any oily extract containing one or more cannabinoids unless such extract contains less than twelve percent of tetrahydrocannabinol by weight, or the mature stalks of such plant, fiber produced from such stalk, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture or preparation of such mature stalks, fiber, oil,

defined to be exclusive of mature stalks, sterilized seeds, stems, and twigs. This Court further held that "the Commonwealth had the burden of proving beyond a reasonable doubt that the plant material, exclusive of mature stalk and sterilized seeds, weighed more than one-half ounce." Id. at 484, 438 S.E.2d at 298.

In 1999, six years after Hill was decided, the General Assembly made significant changes to the definition of marijuana under Code § 54.1-3401. Under the current version of Code § 54.1-3401, marijuana is defined as:

> any part of a plant of the genus Cannabis whether growing or not, its seeds or resin; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or its resin. Marijuana shall not include any oily extract containing one or more cannabinoids unless such extract contains less than 12 percent of tetrahydrocannabinol by weight, nor shall marijuana include the mature stalks of such plant, fiber produced from such stalk, oil or cake made from the seeds of such plant, *unless such stalks, fiber, oil or cake is combined with other parts of plants of the genus Cannabis.*

(Emphasis added).

Under the current version of Code § 54.1-3401, mature stalks are considered marijuana except where there are stalks that are exclusive of "other parts of plants of the genus Cannabis." Similarly, contrary to Brown's argument, the current version of Code § 54.1-3401 does not provide any exclusion for seeds. It is clear that, in amending the statutory definition of marijuana, the General Assembly effectively overruled Hill. Accordingly, we hold that, where the stalks are combined with the other parts of the marijuana plant, the Commonwealth no longer has to separate the stalks from the other parts of the marijuana plant to prove that the accused possessed the proscribed weight of marijuana. Rather, the Commonwealth may use the weight of the stalks combined with the other parts of the marijuana plant.

---

> or cake, or the sterilized seed of such plant which is incapable of germination.

In the present case, Brown does not contest that the plant material is marijuana and that at least some portion of plant material was part of a plant of the genus Cannabis. Moreover, Brown implicitly concedes that the evidence is sufficient to find him guilty of simple possession of marijuana. Brown's argument relies on Hill and its analysis of the version of Code § 54.1-3401 in effect at that time; that is, before critical and significant changes were made to this code section by the General Assembly. Under its current structure, Code § 54.1-3401 provides that any stalks, fiber, oil or cake that were also present with the plant material are necessarily "combined with other parts of plants of the genus Cannabis" to meet the definition of marijuana for purposes of statutory construction. Therefore, any stalks that may have been present in the plant material at issue in this case are considered marijuana under the statute and it was proper to include them in determining the total weight.

## CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed.

<u>Affirmed.</u>