**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4358**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

THOMAS JAVION GUERRANT,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Elizabeth Kay Dillon, District Judge. (7:19-cr-00039-EKD-1)

Submitted: March 23, 2021                Decided: March 26, 2021

Before THACKER, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Juval O. Scott, Jr., Federal Public Defender, Randy V. Cargill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Daniel P. Bubar, Acting United States Attorney, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Javion Guerrant appeals his conviction and 120-month sentence imposed following his guilty plea to felony distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and misdemeanor assaulting, resisting, or impeding a federal law enforcement officer, in violation of 18 U.S.C. §111(a), (b). Guerrant argues that the district court erroneously sentenced him as a career offender under U.S. Sentencing Guidelines Manual §§ 4B1.1, 4B1.2 (2020), because his prior conviction for violation of Va. Code Ann. § 18.2-248.1 (2018) does not qualify as a predicate controlled substance offense, thereby rendering his sentence procedurally unreasonable. We affirm.

We review de novo a district court's determination that a defendant's prior conviction qualifies as a career offender predicate. *United States v. Ward*, 972 F.3d 364, 368 (4th Cir. 2020). To be classified as a career offender under USSG § 4B1.1, a defendant must, among other factors, have sustained "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b).

When determining whether a prior conviction triggers a career offender enhancement, we employ the categorical approach, "focus[ing] on the *elements* of the prior offense rather than the *conduct* underlying the conviction." *United States v. Dozier*, 848 F.3d 180, 183 (4th Cir. 2017) (internal quotation marks omitted). "This approach is

2

categorical in that we ask whether the offense of conviction—no matter the defendant's specific conduct—necessarily falls within the Guidelines' description of a "'controlled substance offense.'" *Ward*, 972 F.3d at 368. "This approach is altered for 'divisible' statutes, statutes that 'list elements in the alternative[ ] and thereby define multiple crimes.'" *Dozier*, 848 F.3d at 183 (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)). "In such circumstances, the sentencing court may apply the modified categorical approach and consult 'a limited class of documents'—otherwise known as *Shepard* documents—'to determine what crime, with what elements, a defendant was convicted of.'" *Id*. (citation omitted).

Virginia law makes it unlawful to "sell, give, distribute or possess with intent to sell, give or distribute marijuana." Va. Code Ann. § 18.2-248.1. In 2018, when Guerrant was convicted of the offense, the statute listed a misdemeanor offense in subsection (1), and two different felony offenses in subsections (2) and (3), each requiring increasing quantities of marijuana:

(a) Any person who violates this section with respect to:

(1) Not more than one-half ounce of marijuana is guilty of a Class 1 misdemeanor;

(2) More than one-half ounce but not more than five pounds of marijuana is guilty of a Class 5 felony;

(3) More than five pounds of marijuana is guilty of a felony punishable by imprisonment of not less than five nor more than 30 years.

Va. Code Ann. § 18.2-248.1(a)(1)-(3). The parties do not dispute that the Virginia statute is divisible as the quantity of marijuana is an element of the offense. *See Brown v.*

3

*Commonwealth*, 690 S.E.2d 301, 303 (Va. Ct. App. 2010) (stating that "proof that the accused possessed the weight of marijuana proscribed by Code §18.2-248.1(a)(2) is an essential element of that offense." (internal quotation marks omitted)). Applying the modified categorical approach, the parties also do not dispute that the 2018 indictment shows Guerrant was convicted of a Class 5 felony,[*] an offense under Virginia law punishable by a penalty exceeding one year and involving the possession with intent to distribute marijuana.

Guerrant argues that the Virginia definition of marijuana was broader than the federal definition under the Controlled Substances Act. *Compare* Va. Code Ann. § 18.2-247D (2018) *with* 21 U.S.C. § 802(16). More specifically, he argues that, under the categorical approach, if he were convicted of an offense involving parts of the marijuana plant not covered under the federal definition, his offense does not categorically qualify as a "controlled substance offense" under USSG §§ 4B1.1, 4B1.2. The district court reasoned that the definition of a controlled substance offense under § 4B1.2(b), unlike other Guidelines sections, does not cross-reference the Controlled Substances Act. Applying the plain-meaning approach used in *United States v. Mills*, 485 F.3d 219 (4th Cir. 2007), the district court found that Guerrant's marijuana conviction was a controlled substance

---

[*] A Class 5 felony is punishable by "a term of imprisonment of not less than one year nor more than 10 years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than 12 months." Va. Code Ann. § 18.2-10(e) (2018). Guerrant's order of conviction reflects a two-year term of incarceration, which corresponds to the Class 5 felony under § 18.2-248.1(a)(2).

offense under state law, and therefore qualified as a predicate offense of the career offender enhancement.

In *United States v. Ward*, we held that the plain meaning of § 4B1.2(b) states that a predicate offense "arises under either federal or state law," and it is unnecessary to consider whether the state law definition of a "controlled substance" is analogous to its federal counterpart. 972 F.3d at 371-72. Applying *Ward*, we conclude that the district court did not err in finding that Guerrant's Virginia conviction for possession of marijuana with intent to distribute in violation of Va. Code Ann. § 18.2-248.1 was a controlled substance offense as defined by USSG §§ 4B1.1, 4B1.2. Therefore, the district court did not err in applying the career offender enhancement, and we conclude that Guerrant's sentence is procedurally reasonable.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*